UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES WILKERSON,

      ·Petitioner,

    vs.

COMMONWEALTH OF MASSACHUSETTS,
DANIEL F. CONLEY, ATTORNEY GENERAL,

      Plaintiff.

28 USC § 2254

DKT No._____

NOW COMES, Charles Wilkerson, Petitioner, Pro-se,
seeks a Writ of Hebeas Corpus Pursuant to 28 USC § 2254
based on the grounds that his conviction was obtained in
violation of his U.S.Const. § 5th Amend. Rights to Due
Process, U.S.Const. § 6th Amend. Rights to effective
assistance of counsel, and involuntarily guilty plea.

## STATEMENT OF JURISDICTION

This is an appeal from an 6th, day of June, 2002,
final judgment of conviction. Petitioner had done with
respect to presenting issues to State Court, where he
had properly presented his claim to the state's highest
court, and thus fact that collateral relief might be
available under state law was immaterial. This District
Court has subject matter jurisdiction under 28 USC §
2254 to entertain this habeas corpus petition.
Picard v. Conner, 404 US 270, 275-277 (1971).

AO 241
REV 6/82

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District MASSACHUSETTS | |
|---|---|---|
| Name CHARLES WILKERSON | Prisoner No. 22166-038 | Docket No. |
| Place of Confinement FEDERAL CORRECTIONAL INSTITUTION RAY BROOK | | |

| Name of Petitioner (include name upon which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| CHARLES WILKERSON | V.   COMMONWEALTH OF MASSACHUSETTS |

The Attorney General of the State of:
MASSACHUSETTS, DANIEL F. CONELY, ATT.GEN

PETITION

1. Name and location of court which entered the judgment of conviction under attack   DORCHESTER DISTRICT
   COURT

2. Date of judgment of conviction   August 17, 1992

3. Length of sentence   Two (2) years suspended sentence

4. Nature of offense involved (all counts)

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)
   (a) Jury ☐
   (b) Judge only   N/A ☐

7. Did you testify at the trial?
   Yes ☐ No ☐   N/A

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241
REV 6/82

9. If you did appeal, answer the following:

(a) Name of court Dorchester District Court

(b) Result Motion for new trial pursuant to Mass Crim.P. 30, was denied.

(c) Date of result August 1, 2000

(d) Grounds raised Trial Court failed to conduct an adequate colloquy.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court Commonwealth Appeals Court

(2) Nature of proceeding Exhausted state remedies, begin federal procedure for review.

(3) Grounds raised Defendant's guilty plea was not entered understandingly and voluntarily, and trial counsel (Mr. Tomasetti) failed to discuss the facts of the case with defendant, also failed to review the defense or discuss possible issues of suppression.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒   No ☐

(5) Result Commonwealth Ordered a decision denying motion for new trial.

(6) Date of result may 1, 2002,

(b) As to any second petition, application or motion give the same information:

(1) Name of court Supreme Judicial (SJC) for the Commonwealth

(2) Nature of proceeding Appeal from the decision of the Commonwealth Appeals Court

AO 243
REV 6/82

(3) Grounds raised ~~Defendant claims that trial counsel (Mr. Tomasetti)~~

~~failed to dicuss the facts of the case with him or review~~

defenses or argue on his behalf.

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒  No ☐

(5) Result  The Supreme Judicial Court(SJC) entered a Order denying
further review.

(6) Date of result June 6, 2002

(c) As to any third petition, application or motion, give the same information:
(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

N/A

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐

(5) Result _____

(6) Date of result _____

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☒  No ☐
(2) Second petition, etc.     Yes ☒  No ☐
(3) Third petition, etc.     Yes ☒  No ☐

(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
  CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241
REV 6/82

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:  a) Conviction obtained by plea of guilty which was un-
lawfully induced or not made voluntarily with understanding of the
nature of the charge and the consequences of the plea.
Supporting FACTS (tell your story *briefly* without citing cases or law): The trial judge fail to
engage a collquy with defendant. In the same case the trial court
committed reversible errors in denying petitioner  motion for a new
trial because there was no affirmative showing that his plea was made
intelligently and voluntarily.

B. Ground two:  i) Denial of effective assistance of counsel

Supporting FACTS (tell your story *briefly* without citing cases or law):  Counsel Mr. Tomassetti
committed errors by disregarding defendant's request to enter a
jury trial. Instead he told petitioner that he could not try the
case, but could get a suspended sentence. In addition  Counsel Mr.
Tomassetti also failed to discuss the facts of the case to petitioner,
nor reviewed any defenses pertaining to the case, or discuss the
search warrant that had resulted in the seizure of evidence. Therefore,
making the plea of guilty in this matter involuntarily.

AO 241
REV 6/82

C. Ground three: d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

Supporting FACTS (tell your story *briefly* without citing cases or law): Petitioner contends that the evidence that was found in his possession was planted on him by Police Officers. When counsel learned of petitioner's statements he refused to investigate petitioner's claims. Therefore, rushing petitioner into accepting a guilty plea. Counsel (Tomasetti) also failed to investigate the validy of the arrest warrant in this matter.

D. Ground four _____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing  Attorney Tomasetti A. Paul

78 Main Street, Watertown, Massachusetts 02172 ,

(b) At arraignment and plea  Attorney Tomasetti A. Paul

_____

AO 241
REV 6/82

(c) At trial _____ N/A _____

(d) At sentencing _Attorney Tomasetti_____

(e) On appeal __Attorney John F. Palmer_____

24 School Street, Suite 400 Boston, Mass 02108

(f) In any post-conviction proceeding _Attornet Joshua R. Weinberger_

136 Warren Avenue, Brockton, Mass 02303

(g) On appeal from any adverse ruling in a post-conviction proceeding _Attorney Joshua R. Weinberger_

136 Warren Avenue, Brockton, Mass 02303

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
  (a) If so, give name and location of court which imposed sentence to be served in the future: _____

  (b) Give date and length of the above sentence: _____

  (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature ~~of Attorney (if any)~~

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_8 - 2 - 04_
(date)

_Charles Wilson_
Signature of Petitioner

(7)

CERTIFICATE OF SERVICE

I, Charles Wilkerson hereby certify that a true and cor-
rect copy of the foregoing motion was mailed this 2 day of
August , to Daniel F. Conley District Attorney, One Bulfinch
Place, Boston, Massachusetts 02114.


Charles Wilkerson
Pro se

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

DORCHESTER DISTRICT COURT
NO.  9207CR06338

COMMONWEALTH                )
                            )
v.                          )
                            )
                            )
CHARLES WILKERSON,          )
        Defendant           )

<u>MOTION FOR NEW
TRIAL PURSUANT TO
MASS. R.CRIM. P. 30(b)</u>

Now comes defendant and moves this Honorable Court to vacate the convictions,

allow defendant to withdraw his admission to sufficient facts, and to grant him a new trial.

See Massachusetts Rules of Criminal Procedure, Rule 30(b).

As grounds for this motion, defendant states that his admission to sufficient facts

was not voluntarily, knowingly, and intelligently made, and was otherwise constitutionally

defective, so that justice may not have been done.

In further support of this motion, defendant has attached hereto Affidavits and a

Memorandum.



CHARLES WILKERSON
By his attorney:

John F. Palmer
Law Office of John F. Palmer
24 School Street, Suite 400
Boston, MA  02108
(617) 723-7010
BBO # 367980

I HEREBY CERTIFY THAT THIS IS A
COPY, GIVEN UNDER MY HAND AND
THIS          DAY OF

Clerk-Magistrate

CLERK-MAGISTRATE
ASSISTANT CLERK

JUN  1 4  200

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    DORCHESTER DISTRICT COURT
                                               NO. 9207CR06338

COMMONWEALTH                    )
                                )              MOTION FOR NEW
v.                              )              TRIAL PURSUANT TO
                                )              MASS. R.CRIM. P. 30(b)
                                )
CHARLES WILKERSON,              )
        Defendant               )

Now comes defendant and moves this Honorable Court to vacate the convictions, allow defendant to withdraw his admission to sufficient facts, and to grant him a new trial. See Massachusetts Rules of Criminal Procedure, Rule 30(b).

As grounds for this motion, defendant states that his admission to sufficient facts was not voluntarily, knowingly, and intelligently made, and was otherwise constitutionally defective, so that justice may not have been done.

In further support of this motion, defendant has attached hereto Affidavits and a Memorandum.

CHARLES WILKERSON
By his attorney:

John F. Palmer
Law Office of John F. Palmer
24 School Street, Suite 400
Boston, MA  02108
(617) 723-7010
BBO # 367980

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                           DORCHESTER DISTRICT COURT
                                       NO. 9207CR06338

| | |
|---|---|
| COMMONWEALTH                          ) | <u>AFFIDAVIT OF JOHN F.</u> |
|                                        ) | <u>PALMER IN SUPPORT</u> |
| v.                                     ) | <u>OF MOTION FOR NEW TRIAL</u> |
|                                        ) | |
| CHARLES WILKERSON,                     ) | |
| _____Defendant_____                    ) | |

I, John F. Palmer, do hereby depose as follows:

1.    I am an attorney licensed to practice law within the Commonwealth of Massachusetts.

2.    In conjunction with my investigation into the defendant's Motion For New Trial, I attempted to obtain the tape recording of the plea colloquy but was informed that the tape was no longer available.

3.    I spoke with Attorney Tomasetti, who was appointed to represent the defendant and he had no recollection of the proceedings before the Court in which defendant admitted to sufficient facts.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

DATED: 2/14/00                    _____
                                       John F. Palmer

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

DORCHESTER DISTRICT COURT
NO. 9207CR06338

| | |
|---|---|
| COMMONWEALTH ) | AFFIDAVIT OF CHARLES |
| ) | WILKERSON IN SUPPORT |
| v. ) | OF MOTION FOR NEW TRIAL |
| ) | |
| CHARLES WILKERSON, ) | |
| Defendant ) | |

I, Charles Wilkerson, do hereby depose as follows:

1.     I am the defendant charged in this case. I am presently incarcerated at the Plymouth House of Corrections in Plymouth, Massachusetts. I am twenty-four (24) years old (d.o.b. 7/28/75).

2.     I was arrested for these offenses on August 17, 1992. I was arraigned in Dorcester District Court on August 18, 1992, and released on bail.

3.     I was defaulted on this case on September 30, 1992.

4.     On May 10, 1993, I was brought before the Court on the default warrant. Attorney Tomaselli was appointed to represent me.

5.     I had a brief conversation with Mr. Tomasetti in the lockup in which he told me that he could not try the case, but that he could get me a suspended sentence. He did not discuss the facts of the case, review any defenses to the case, or discuss the search warrant that had resulted in the seizure of evidence.

6.     I was subsequently brought into the courtroom where the prosecutor told the judge that there was an agreement.

7.     I was asked if I understood the charges to which I was pleading guilty. I was not asked or told about the right to jury that I was waiving, i.e., that the jury is made up of members of the community, that I could participate in their selection, that their verdict must be unanimous, that the jury decides the facts, and the judge rules on the law and imposes sentence if found guilty.

8.     My admission to sufficient facts was not voluntary or intelligent because I was not fully advised of my constitutional right to a jury trial.

9.     My admission to sufficient facts was not voluntary because I thought that if I did not plead guilty and claimed my right to a trial or jury trial, I would have to remain in jail.

Signed under the pains and penalties of perjury.


_Charles Wilkerson_
Charles Wilkerson


Dated: 2-10-00

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    DORCHESTER DISTRICT COURT
                                                NO. 9207CR6338

COMMONWEALTH                      )
                                  )
                                  )      MEMORANDUM IN
                                  )      SUPPORT OF MOTION
v.                                )      FOR NEW TRIAL
                                  )
CHARLES WILKERSON,                )
        Defendant                 )

     The defendant seeks to vacate his convictions and to be granted a new trial, where

his admission to sufficient facts was not voluntarily and intelligently made and where the

Court failed to conduct an adequate colloquy regarding the waiver of the right to jury trial.

See Commonwealth v. Duquette, 386 Mass. 834, 841(1982); Commonwealth v. Mele, 20

Mass. App. Ct. 958(1985). Ciummei v. Commonwealth, 378 Mass. 504, 509(1979).

     A challenge to the validity of an admission or a guilty plea is properly made by a

motion for a new trial, Commonwealth v. Huot, 380 Mass. 403, 406(1980). Indeed, a

motion for a new trial is "the only avenue for direct appellate review of the validity of [a]

guilty plea". Commonwealth v. De La Zerda, 416 Mass. 247, 250(1993). Such a motion

may be filed "at any time". Mass R. Crim. P. 30(b). The burden is on the Commonwealth

to show from the contemporaneous record that a challenged guilty plea or admission to

sufficient facts was understandingly and voluntarily made. Commonwealth v. Duquette,

supra at 841; Commonwealth v. Foster, 369 Mass. 100, 108 n.7(1985). If the

Commonwealth fails to make such a showing, the plea "must later be set aside,"

Commonwealth v. Foster, Id., since the court has "no discretion to deny a new trial".

Commonwealth v. Penrose, 363 Mass. 677, 681(1973).

     To assure the validity of guilty pleas and admissions this court has established

colloquy requirements designed to assure that pleas are made voluntarily and intelligently.

Commonwealth v. Duquette, supra at 485. The record of the colloqoy must demonstrate

that the judge advised the defendant that, in pleading guilty or admitting to sufficient facts,

he waives his right to a jury or non-jury trial, his right to confront witnesss and his privilege against self-incrimination. Commonwealth v. Lewis, 399 Mass. 761, 764(1987). Moreover, the record must demonstrate either that the defendant was advised of the elements of the offense or that he admits facts constituting the unexplained elements. Henderson v. Morgan, 426 U.S. 637(1976); Commonwealth v. Colantoni, 396 Mass. 672, 678-679(1986).[1] Finally, the record must demonstrate that the defendant was pleading guilty or admitting to sufficient facts voluntarily and had not been threatened or unduly pressured. A "real probe of the defendant's mind" is necessary in order that the colloquy not "become a 'litany', but [rather] attempt a live evaluation of whether the plea has been sufficiently meditated by the defendant with guidance of counsel, and whether it is not being extracted from the defendant under undue pressure". Commonwealth v. Foster, supra at 107. Representations from counsel may not be substituted for questions from the court and responses from the defendant on the record. Commonwealth v. Pavao, 423 Mass. 798 802(1996) ("critical evidence for determining whether the [jury trial] waiver was made [must] come directly from the defendant in the colloquy").

The Court in the Ciummei case, supra, announced a prospective rule, "in aid of sound, judicial administration" that " a colloquy [with the defendant] shall be held in any instance of a waiver of the right to trial by jury". Id. at 509. The colloquy was mandated in addition to the other formal requirements already existing for a jury waiver. See G.L. ch. 263, §6; Mass. R. Crim. P. 19(a). While not constitutionally based, the colloquy was deemed necessary to ensure that a defendant's waiver of the right to jury trial was intelligent and voluntary. Ciummei v. Commonwealth, supra, at 409. Although no specific script need be employed, a trial jduge should, at a minimum, "advise the defendant of his constitutional right to a jury trial, and...satisfy himself that any waiver by the defendant is made voluntarily and intelligently". Id. The judge should also "make sure that the defendant has conferred with his counsel about the waiver, and that he has not been

---

[1]       These constitutional requirements have been incorporated into Mass. R. Crim. P. 12(c)(3) and (5).

pressured or cajoled and is not intoxicated or otherwise rendered incapable of rational judgement". Id. at 510. In brief, "a defendant...must simply have indicated a comprehension of the nature of the choice". Id.

In summary, the court in accepting defendant's admissions in this case failed to conduct an adequate colloquy with defendant to ensure that his pleas were voluntarily and intelligently entered. He is thus entitled to the vacation of his convictions and a new trial.

CHARLES WILKERSON
By his attorney:

John F. Palmer
Law Office of John F. Palmer
24 School Street, Suite 400
Boston, MA  02108
(617) 723-7010
BBO # 367980

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    DORCHESTER DISTRICT COURT
                                               NO. 9207CR06338


COMMONWEALTH                    )
                                )
v.                              )              NOTICE OF APPEAL
                                )
CHARLES WILKERSON,              )
        Defendant               )


Now comes defendant and claims an appeal from the findings,

rulings, and order of the court (Dolan, J.) entered on August 1, 2000,

denying the defendant's Motion For New Trial.

CHARLES WILKERSON
By his attorney:

John F. Palmer
Law Office of John F. Palmer
24 School Street, Suite 400
Boston, MA  02108
(617) 723-7010
BBO # 367980

JUN 14 2001

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY GIVEN UNDER MY HAND AND SEAL
THIS             DAY OF

Clerk-Magistrate

CLERK-MAGISTRATE
ASSISTANT CLERK

**ADDENDUM**

## TABLE OF CONTENTS - ADDENDUM

Massachusetts General Laws, chapter 263,      A. 1
    section 6

Massachusetts Rules of Criminal Procedure     A. 2
    12

# GENERAL LAWS OF MASSACHUSETTS

### PART IV.
### CRIMES, PUNISHMENTS AND PROCEEDINGS IN CRIMINAL CASES.
### TITLE I.
### CRIMES AND PUNISHMENTS.

CHAPTER 263. RIGHTS OF PERSONS ACCUSED OF CRIME.

**Chapter 263: Section 6. Conviction; manner; waiver of jury trial.**

Section 6. A person indicted for a crime shall not be convicted thereof except by confessing his guilt in open court, by admitting the truth of the charge against him by his plea or demurrer or by the verdict of a jury accepted and recorded by the court or, in any criminal case other than a capital case, by the judgment of the court. Any defendant in a criminal case other than a capital case, whether begun by indictment or upon complaint, may, if he shall so elect, when called upon to plead, or later and before a jury has been impanelled to try him upon such indictment or complaint, waive his right to trial by jury by signing a written waiver thereof and filing the same with the clerk of the court. If the court consents to the waiver, he shall be tried by the court instead of by a jury, but not, however, unless all the defendants, if there are two or more charged with related offenses, whether prosecuted under the same or different indictments or complaints shall have exercised such election before a jury has been impanelled to try any of the defendants; and in every such case the court shall have jurisdiction to hear and try such cause and render judgment and sentence thereon. Except where there is more than one defendant involved as aforesaid, consent to said waiver shall not be denied in the district court or the Boston municipal court if the waiver is filed before the case is transferred for jury trial to the appropriate jury session, as provided in section twenty-seven A of chapter two hundred and eighteen.

Return to:

** Next Section ** Previous Section ** Chapter 263 Table of Contents ** Legislative Home Page

... of which the Commonwealth is required to be ... pursuant to Mass.R.Crim.P. 14(b)(1) and (2). *See* ... v. Edgerly, Mass.Adv.Sh. (1977) 707, 361 ... Blaisdell v. Commonwealth, Mass.Adv.Sh. ... 361 N.E.2d 191.

... the matters to be discussed under subdivision ... is the setting of the trial date. It must be ... that one consequence of a failure to comply with ... that the case will be *presumed* to be ready for ... trial date will be set for the earliest available time ... *infra*. Agreements as to subdivisions (D)(ii) and ... the court in the management of its docket, *see* ... P. 36(a)(2), and understandings as to the avail... ... necessary witnesses will reduce the need for contin... ... secure their attendance, Mass.R.Crim.P. 10. If ... of fact are agreed upon after discussion under ... they are to be recorded in the conference report ( ... A, (b)[2][A], infra).

... defendant may also request information concerning ... Commonwealth's intended use of prior acts or convictions ... of knowledge, intent, or modus operandi, and use of ... convictions to impeach the testimony of the defendant. ... information, while not specifically mentioned in Rule 11, ... subject of discussion at the pretrial conference. ... contemplated that compliance with this subdivision will ... the necessity for resorting to the more time-consuming ... procedures of Mass.R.Crim.P. 14 and 23, expedite the ... of testimony at the trial, and allow counsel to better ... for trial.

... to Mass.R.Crim.P. 9(a)(3), either party may move ... consolidation of pending charges. This matter, if re... at conference, will avoid the time delay required for ... to conduct a hearing and to act upon a motion for ... This is true also as to motions to transfer other ... charges for plea, sentence, or trial. Mass.R.Crim.P. ... -20.

... should be noted that a motion to take a deposition, not ... prepared within subdivision (a)(1) of this rule, if consid... at conference and agreed upon, need not be filed with ... ... since the parties are permitted to depose witnesses ... pursuant to Mass.R.Crim.P. 35(i).

... parties may also wish to stipulate as to the application ... of the excludable time provisions of Mass. ... 36(b), e.g., whether time should be excluded from ... trial limits due to the absence of an essential ... if so, how much. Mass.R.Crim.P. 36(b)(2)(B).

... (2)(A) outlines the contents of the pretrial ... and establishes the requirement that it be ... the defendant when it contains agreements which ... waivers of constitutional right or stipulations to ... facts. The defendant's signature should not be pro... ... should be subscribed only after his counsel has ... consequences of this act to him. To expedite ... ..., subdivisions (a)(1) and (b)(1) mandate that ... shall be available for attendance at the pre... ... This requirement assures also that the ... to other agreements may readily be ob...

... report is filed with the clerk, whose re... ... to monitor filing and advancement of cases

... (2)(B) and (b)(2)(B) set out the sanctions to ... upon a failure to file a report and to appear to ... that failure. If counsel refuse to cooperate in the

conference procedure, "extraordinary circumstances" are established which may call for an order to conference the case with a judge or special magistrate presiding ([a][1], [b][1]).

Subdivision (b). This subdivision, which parallels subdivision (a), is applicable to those situations in District Court jury-waived sessions in which a pretrial conference may be ordered within the discretion of the court. Subdivision (b)(2)(C) permits the parties to file a conference report if they believe that this will be of assistance to themselves or the court.

## RULE 12.   PLEAS AND WITHDRAWALS OF PLEAS

(Applicable to District Court and Superior Court)

### (a) Entry of Pleas.

(1) *Pleas Which May Be Entered and by Whom*. A defendant may plead not guilty, or guilty, or with the consent of the judge, nolo contendere, to any crime with which he has been charged and over which the court has jurisdiction. A plea of guilty or nolo contendere shall be received only from the defendant himself except pursuant to the provisions of Rule 18. Pleas shall be received in open court and the proceedings shall be recorded where facilities for recording are available. If a defendant refuses to plead or if the judge refuses to accept a plea of guilty or nolo contendere, a plea of not guilty shall be entered.

(2) *Acceptance of Plea of Guilty or Nolo Contendere*. A judge may refuse to accept a plea of guilty or nolo contendere. He shall not accept such a plea without first determining that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea.

(3) *Admission to Sufficient Facts*. In a District Court jury-waived session a defendant may, after a plea of not guilty, admit to sufficient facts to warrant a finding of guilty.

### (b) Plea Conditioned Upon an Agreement.

(1) *Formation of Agreement; Substance*. The defendant and his counsel or the defendant when acting pro se may engage in discussions with the prosecutor as to any recommendation to be made to a judge or any other action to be taken by the prosecutor upon the tender of a plea of guilty or nolo contendere to a charged offense or to a lesser included offense. The agreement of the prosecutor may include:

(A) Charge concessions.

(B) Recommendation of a particular sentence or type of punishment with the specific understanding that the recommendation shall not be binding upon the court.

(C) Recommendation of a particular sentence or type of punishment with the specific understanding that the defendant shall reserve the right to request a lesser sentence or different type of punishment.

149

(D) A general recommendation of incarceration without regard to a specific term or institution.

(E) Recommendation of a particular disposition other than incarceration.

(F) Agreement not to oppose the request of the defendant for a particular sentence or other disposition.

(G) Agreement to make no recommendation or to take no action.

(H) Any other type of agreement involving recommendations or actions.

(2) *Notice of Agreement.* If defense counsel or the prosecutor has knowledge of any agreement that was made contingent upon the defendant's plea, he shall inform the judge thereof prior to the tender of the plea.

(c) **Guilty Plea Procedure.** After being informed that the defendant intends to plead guilty or nolo contendere:

(1) *Inquiry.* The judge shall inquire of the defendant or his counsel as to the existence of and shall be informed of the substance of any agreements that are made which are contingent upon the plea.

(2) *Recommendation as to Sentence.* If there were sentence recommendations contingent upon the tender of the plea, the judge shall inform the defendant that he will not impose a sentence that exceeds the terms of the recommendation without first giving the defendant the right to withdraw his plea.

(3) *Notice of Consequences of Plea.* The judge shall inform the defendant, or permit defense counsel under the direction of the judge to inform the defendant, on the record, in open court:

(A) that by his plea of guilty or nolo contendere he waives his right to trial with or without a jury, his right to confrontation of witnesses, and his privilege against self-incrimination;

(B) where appropriate, the maximum possible sentence on the charge, including that possible from consecutive sentences; of any different or additional punishment based upon second offense or sexually dangerous persons provisions of the General Laws, if applicable; and of the mandatory minimum sentence, if any, on the charge.

(4) *Tender of Plea.* The defendant's plea shall then be tendered to the court.

(5) *Hearing on Plea; Acceptance.* The judge shall conduct a hearing to determine the voluntariness of the plea and the factual basis of the charge.

(A) Factual Basis for Charge. A judge shall not accept a plea of guilty unless he is satisfied that there is a factual basis for the charge. The failure of the defendant to acknowledge all of the elements of the factual basis shall not preclude a judge from accepting a guilty plea. Upon a showing of cause

the tender of the guilty plea and the acknowledgment of the factual basis of the charge may be made on the record at the bench.

(B) Acceptance. At the conclusion of the hearing the judge shall state his acceptance or rejection of the plea.

(C) Sentencing. After acceptance of a guilty or nolo contendere, the judge may proceed with sentencing.

(6) *Refusal to Accept an Agreed Sentence Recommendation.* If the judge determines that he will impose a sentence that will exceed an agreed recommendation for a particular sentence or type of punishment under subdivision (b)(1)(C) of this rule or an agreed recommendation for a particular disposition other than incarceration under subdivision (b)(1)(E) after having informed the defendant as provided in subdivision (c)(2) that he would not do so, he shall, on the record, advise the defendant personally in open court or on a showing of cause, in camera, that he intends to exceed the terms of the plea recommendation and shall afford the defendant the opportunity to then withdraw his plea. The judge may indicate to the parties what sentence he would impose.

(d) **Withdrawal of Plea.** If a defendant withdraws a plea of guilty or nolo contendere, the case may be advanced for trial. The fact that an agreed recommendation was tendered and rejected, but not the terms thereof, shall be entered on the record. If the defendant subsequently tenders a plea of guilty or nolo contendere, no recommendation as to disposition which is based upon the prior plea negotiations shall be offered by the prosecutor, but the prosecutor may address the court as to the nature and seriousness of the offense charged and may propose a disposition and the judge may permit the defendant or his counsel to propose a disposition.

(e) **Availability of Criminal Record and Presentence Report.** The criminal record of the defendant shall be made available. Upon the written motion of either party made at the tender of a plea of guilty or nolo contendere, the presentence report as described in subdivision (d)(2) of Rule 28 shall be made available to the prosecutor and counsel for the defendant for inspection. In extraordinary cases, the judge may, except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons. If the report is not made fully available, the portions thereof which are not disclosed shall not be relied upon in determining sentence. No party may make any copy of the presentence report.

(f) **Inadmissibility of Pleas, Offers of Pleas, and Related Statements.** Except as otherwise provided

150

in this subd...
withdrawn, ...
to plead gu...
charged or ...
connection w...
pleas or offe...
nal proceedi...
or offer. H...
connection w...
withdrawn, ...
plead guilty ...
or any other...
ceeding for ...
defendant ur...
ence of couns...

Amended Jun...

Although an...
from a numbe...
*ing to Pleas ...*
*Code of Pre-...*
1975); Nation...
Standards & ...
President's Co...
tion of Justice.

As the Unite...
Whatever na...
that the guilt...
are importan...
system. Pro...
cerned.

Blackledge v...
L.Ed.2d 736 (...
S.Ct. 663, 43 L...
12 is intended ...
agreement proc...

The proffer f...
step in the crim...
defendant not...
proving his gui...
ing, of course, f...
defendants and ...
for wanting to ...
663, 434 U.S. ...
Commonwealth...
fairness by ins...
reflection of gui...
ings against a ...
attainment of th...

Subdivision (a...

(a)(1). This ...
*Relating to Ple...*
which substant...

In the Commo...
c. 478, § 298) ...
guilty, guilty, or ...
no defendant wa...
re to a complain...
be imposed unle...
conditions had ...
Criminal Proce...

in this subdivision, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or statements made in connection with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceedings against the person who made the plea or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, or a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

Amended June 12, 1986, effective Jan. 1, 1987.

## Reporter's Notes

Although analogous to Fed.R.Crim.P. 11, this rule is drawn from a number of sources. See, e.g., ABA Standards Relating to Pleas of Guilty (Approved Draft, 1968); ALI Model Code of Pre-Arraignment Procedure §§ 350.1–.9 (P.O.D. 1975); National Advisory Commission on Criminal Justice Standards & Goals, Courts, Standards 3.1 et seq. (1973); President's Commission on Law Enforcement & Administration of Justice, Task Force Report: The Courts 4–13 (1967).

As the United States Supreme Court has observed:

Whatever may be the situation in an ideal world, the fact is that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned.

Blackledge v. Allison, 97 S.Ct. 1621, 431 U.S. 63, 71, 52 L.Ed.2d 736 (1977). Accord Bordenkircher v. Hayes, 98 S.Ct. 663, 434 U.S. 357, 361–62, 54 L.Ed.2d 604 (1978). Rule 12 is intended to guarantee the proper administration of the agreement procedure.

The proffer by a defendant of a guilty plea is a significant act in the criminal process. It represents a decision by the defendant not to put the Commonwealth to the test of proving his guilt beyond a reasonable doubt. Plea bargaining, of course, flows from the "mutuality of advantage" to the defendants and the prosecutors, each with his own reasons for wanting to avoid trial, Bordenkircher v. Hayes, 98 S.Ct. 663, 434 U.S. 357, 363, 54 L.Ed.2d 604 (1978), but the Commonwealth and the public have an interest in promoting procedures assuring that each such plea be an accurate determination of guilt and a fair termination of criminal proceedings against a defendant. Rule 12 is intended to promote each of these goals.

## [Paragraph and Presentation]

If the defendant moves by written motion for a plea of guilty or support as described, is made available to the defendant, the judge or report which diagnostic or program of rehabilitation upon a previous examination or other or the report of options thereof based upon in determining any copy of

Offers of Pleas otherwise proceed

(a)(1). This subdivision is adopted from ABA Standards Relating to Pleas of Guilty § 1.1 (Approved Draft, 1968), which generally accords with Mass.R.Crim.P. 11(a)–(b).

Commonwealth, former G.L. c 227, § 47A (St.1978, c. 478, § 17) provided that the defendant could plead not guilty or nolo contendere. Moreover, by court rule the defendant was permitted to plead guilty or nolo contendere or not guilty for which a sentence of imprisonment may be imposed unless the judge was fully satisfied that certain requirements had been met. District Court Initial Rules of Criminal Procedure 4 (1971); Rules of the Mun.Ct. for the

City of Boston Sitting for Criminal Business 4 (1971). E.g., Commonwealth v. McGuirk, Mass.Adv.Sh. (1978) 2496, 380 N.E.2d 662; Commonwealth v. Boldue, Mass.Adv.Sh. (1978) 1727, 378 N.E.2d 661; Commonwealth v. Curry, Mass.App. Adv.Sh. (1978) 977 (Rescript) 380 N.E.2d 1325.

The requirements of this subdivision are to insure that the fact that the plea was the informed and voluntary act of the defendant appears upon a contemporaneous record of the proceeding, thus reducing the likelihood of a post conviction attack on the validity of a plea of guilty or nolo contendere. See, e.g., Commonwealth v. Foster, 368 Mass. 100, 330 N.E.2d 155 (1975).

Therefore, except where a corporation is the defendant, or where the defendant is permitted by the General Laws to pay a fine by mail or by appearing before a clerk, personally or by authorized agent, the defendant personally must plead if the plea is to be guilty or nolo contendere. The defendant must also personally plead not guilty except where his appearance is excused pursuant to Mass.R.Crim.P. 7(a)(2) and the court enters the plea on his behalf. Mass.R.Crim.P. 7(d)(2).

A plea of guilty is invalid unless the defendant has received the assistance of counsel or has waived counsel. White v. Maryland, 83 S.Ct. 1050, 373 U.S. 59, 10 L.Ed.2d 193 (1963); Moore v. Michigan, 78 S.Ct. 191, 355 U.S. 155, 2 L.Ed.2d 167 (1957). See District Court Initial R.Crim.P. 2, which in part stated:

On any complaint setting forth a charge for which a sentence of imprisonment may be imposed, unless the defendant has waived his right to counsel pursuant to Rule 3:10 of the General Rules of the Supreme Judicial Court, no plea other than 'not guilty' shall be taken or entered and recorded unless his counsel is present.

The plea of nolo contendere may only be entered with the approval of the court. See District Court Initial R.Crim.P., supra, Rule 4; Commonwealth v. Horton, 26 Mass. (9 Pick.) 206 (1829). A nolo plea has the same effect as a guilty plea in the case that, before the court, e.g., United States v. American Bakeries, 284 F.Supp. 864 (W.D.Mich.1968), although it cannot be used against the defendant as an admission in any subsequent civil proceeding. See subdivision (f), infra; ABA Standards, supra, § 1.1(a), comment at 15–16.

The requirement that the plea be accepted in open court is to assure that a plea is free from the suspicion of coercion, that it is entered under the scrutiny of the judge in formal proceedings, and that it is on the record to the extent that the court's proceedings are normally recorded, whether by stenographic or electronic means.

The last sentence of this subdivision substantially restates District Court Initial Rule of Criminal Procedure 5 (1971).

(a)(2). A defendant does not have a constitutional right to have his guilty plea accepted by the Court, see North Carolina v. Alford, 91 S.Ct. 160, 400 U.S. 25, 38 n. 11, 27 L.Ed.2d 162 (1970), and a plea is to be refused for a variety of reasons, among which are that: 1) the plea is involuntary; 2) the defendant does not understand the nature of the charge ([c][5][A], infra, or the consequences of the plea ([c][3], infra); 3) there is no factual basis for the plea ([c][5][d], infra; or 4) there is a factual dispute that should be litigated at trial. If the court is willing to accept the plea, defense counsel, under the direction of the court, is to be responsible for the required interrogation of the defendant as to voluntariness. This accords with existing practice in the Superior

Rule 12                    RULES OF CRIMINAL PROCEDURE

Court. *See* Commonwealth v. Hubbard, 371 Mass. 160, 355 N.E.2d 469 (1976).

(a)(3)  If a defendant desires to admit to sufficient facts in order to expedite his claim of a trial de novo after having waived a jury trial in the first instance, the judge should interrogate the defendant personally to insure that the defendant understands the nature and consequences of such an admission. It has been suggested that because a defendant who admits to sufficient facts is waiving significant rights, he should not be permitted to do so unless his choice is intelligent and voluntary. *Compare* Brookhart v. Janis, 86 S.Ct. 1245, 384 U.S. 1, 16 L.Ed.2d 314 (1966); People v. Wheeler, 260 Ca.App.2d 522, 67 Cal.Rptr. 246 (1968). In the majority of cases, however, the defendant will be fully aware of the consequences of an admission to sufficient facts and will make that admission to curtail District Court jury-waived proceedings and obtain a jury trial. Therefore, the formalized procedure for determining the voluntariness of guilty pleas, subdivision (c), infra, is not applicable to the admission to sufficient facts. *See generally* Rules of Criminal Procedure (U.L.A.) rule 444(a) (1974).

When a defendant admits to sufficient facts, it is contemplated that at least one prosecution witness will be sworn who will testify to the factual basis for the finding of guilt, even though the testimony may include hearsay. District Court Initial R.Crim.P. 5, comment (1971).

Subdivision (b). Section (e)(1)-(5) of Federal Rule of Criminal Procedure 11 is the prototype for this subdivision.

(b)(1).  This subdivision outlines the scope of agreements as to concessions or other actions which the defendant and the prosecution may arrive at prior to these proceedings before a judge. It must be emphasized that these negotiations are to be between the defendant, with or without counsel, and the prosecution, and are not to involve the court.

The words of the Supreme Court as to the binding character of defense-prosecution agreements deserve repetition:

> [W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled.

Santobello v. New York, 92 S.Ct. 495, 404 U.S. 257, 262, 30 L.Ed.2d 427 (1971). Similarly, the Supreme Judicial Court has held that a promise made by a prosecutor is a pledge of public faith and must be enforced. Commonwealth v. St. John, 173 Mass. 566, 159 N.E. 599 (1899); *accord* Commonwealth v. Harris, 364 Mass. 236, 238, 303 N.E.2d 115 (1973); Commonwealth v. Benton, 356 Mass. 477, 252 N.E.2d 891 (1969). *Compare* Blaikie v. District Attorney for Suffolk County, Mass.Adv.Sh. (1978) 1848, 1851, 378 N.E.2d 1368 (Specific performance is in no sense mandated where no guilty plea has been entered, and the defendant's position has not been adversely affected.). *See* subdivision (d), infra.

(b)(2).  Early and full disclosure of a plea arrangement reduces the risk of an unfair agreement—unfair to the public because of an unwarranted concession by an overburdened prosecutor anxious to avoid trial, or unfair to the defendant because the concession is either illusory, or so irresistible in light of the inevitable risks of trial as to induce an innocent defendant to plead guilty. *E.g.*, Jones v. United States, 423 F.2d 252, 255 (9th Cir.1970). For that reason and to expedite the proceedings, this subdivision requires that the court be informed at the outset of the existence of any agreement. If upon inquiry under subdivision (c)(1), infra, the defendant denies any such agreement, it is incumbent upon the prosecutor to notify the court if an agreement in fact has been made.

While a judge may properly have the substance of a plea arrangement revealed to him pursuant to subdivision (c)(2), he may not participate in the negotiations.

The judge is a symbol of impartial justice; the prosecutor is an advocate. The prosecutor can more appropriately assume the role of bargaining agent whereas, to maintain the dignity of the judicial office and respect for the judicial process, the judge cannot.

Chaffer, *Judicial Mining, Differential Sentencing and the Guilty Plea—A Constitutional Examination*, 6 Am. Crim. L.Q. 187, 192 (1968).

Although judicial participation in plea bargaining is not proper, the provision for disclosure of the agreement is distinguishable from authorization for judicial participation in the bargaining process. The disclosure permitted by subdivision (b)(2) is of an agreement that has previously been concluded and is required to be revealed pursuant to the inquiry under subdivision (c)(1), infra. The proffer of the guilty plea is not motivated by any judicial action.

Subdivision (c).

Subdivision (c)(1) is a product of Santobello v. New York, 92 S.Ct. 495, 404 U.S. 257, 30 L.Ed.2d 427 (1971), where it was held that when a plea rests on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, that promise must be fulfilled. Id. at 262. The Court stated further that the adjudicative element inherent in accepting a plea of guilty must be attended by safeguards to insure the defendant what is reasonably due in the circumstances and if a plea is induced by promises, their essence must in some way be known. 404 U.S. at 261-62.

If upon inquiry the defendant replies that no promises have been made, the judge should instruct the defendant that any promises relating to the imposition of sentence are in no way binding on the court. *See* Subdivisions (b)(1)-(2), supra. This is because defendants are often loathe to disclose such promises, although it is believed that the increased acceptability of the plea arrangement procedure of this rule will obviate such difficulties.

The effect of such an instruction will depend on the facts of each case, but in no case can it cure the prejudice resulting from a *broken* promise.

The purposes of subdivision (c)(1) are fourfold. First, airing plea agreements in open court enhances public confidence in the administration of justice. *E.g.* Jones v. United States, 423 F.2d 252, 255 (9th Cir.1970). Secondly, disclosure of prosecutorial promises is the best way to test the voluntariness of the plea. By testing the strength of the inducement, the court obtains the best available evidence of its effect upon the defendant. In this determination, it should be noted that the prosecutor's subjective understanding of the bargain is irrelevant; considerations of fairness require attention to whether the defendant has reasonable grounds for his interpretation thereof. Blaikie v. District Attorney for Suffolk County, Mass.Adv.Sh. (1978) 1848, 1852 n. 2, 378 N.E.2d 1368. Thirdly, this helps to implement the "factual basis" requirement of subdivision (c)(6)(A), for promises that offer unusual leniency to a defendant are suspect. Finally, this requirement will help to uncover promises which are by their nature improper and thus help to eliminate whatever incentive the prosecution might have to offer improper inducements.

152

Pursuant to this subdivision and subdivision (b)(2), supra, the prosecutor and defense counsel have the duty to come forward and disclose the existence and terms of a plea arrangement if the defendant balks at his opportunity to do so even if the court does not specifically question the prosecutor or defense counsel on this issue. See Commonwealth v. Stanton, 2 Mass.App. 614, 317 N.E.2d 487 (1974). This is important practically because often the defendant will not fully disclose the terms of the arrangement. It is important legally because the prosecutor and defense counsel should inform the court whenever they are aware that testimony offered in court is not in full accord with the truth as they know it. See Supreme Judicial Court Rule 3:22 (1974), 359 Mass. 787; Canon 7; EC 7-26.

(c)(2). Under subdivision (c)(2)(A) the judge may inform the defendant that he is disposed to accept the prosecutor's sentence recommendation, pending the outcome of the hearing required by subdivision (c)(5), and that he will not exceed that recommendation without giving the defendant an opportunity to withdraw his plea. On the other hand, the judge may indicate that he does not intend to entertain or consider any recommendation, subdivision (c)(2)(b), in which event the judge's sentencing discretion is unrestricted.

(c)(3). This subdivision is patterned after Fed.R.Crim.P. 11(c)(1) but differs therefrom in that it sets forth with greater specificity the nature of the information that the court must make available to a defendant who wishes to plead guilty. District Court Initial R.Crim.P. 4 required the trial judge, before accepting a guilty plea, to question the defendant in order to insure that the defendant understood essentially what is required by subdivision (c)(3). Sections 1.4 and 1.5 of the ABA Standards Relating to Pleas of Guilty (Approved Draft, 1968) contain similar provisions, which have, however, been superseded by ABA Standards Relating to the Function of the Trial Judge § 4.2 (Approved Draft, 1972). See Rules of Criminal Procedure (U.L.A.) rule 44(b) (1974); ALI Model Code of Pre-Arraignment Procedure § 350.4 (P.O.D.1975); National Advisory Commission on Criminal Justice Standards & Goals, Courts, standard 3.7 (1973). Neither this subdivision nor District Court Initial Rule 4 apply to admissions to sufficient facts.

Subdivision (c)(3)(A) enumerates those immediate consequences of a plea of which a defendant must be specifically advised.

District Court Initial R.Crim.P. 4(b)-(e) (1971, as amended, 1973) stated that a defendant charged with a crime for which a sentence of imprisonment could be imposed was to be told that a guilty plea would preclude his right to a jury trial and would operate as a waiver of his privilege against self-incrimination and of his right to confront witnesses. Also the Supreme Judicial Court held in Commonwealth v. Morrow, 363 Mass. 601, 604-05, 296 N.E.2d 468 (1973). Boykin v. Alabama, 89 S.Ct. 1709, 395 U.S. 238, 23 L.Ed.2d 274 (1969) did not require the judge to expressly and in detail the three rights waived, the court did advise.

The better practice to include specific inquiry as to the knowing understanding waiver of the three constitutional rights.

Morrow, supra, at 605. Accord Huot v. Commonwealth, 363 Mass. 91, 101, 292 N.E.2d 700 (1973). Commonwealth v. Jefferson, 4 Mass.App. 352, 348 N.E.2d 453 (1976).

It is recommended that the proper formulation for advising a defendant as to his waiver of a jury trial is that

"by pleading guilty he [gives] up his right to a trial with or without a jury." Commonwealth v. Hamilton, 3 Mass.App. 554, 557 n. 4, 336 N.E.2d 872 (1975). This instruction will serve to emphasize that, upon acceptance of a guilty plea, no trial will be held and all that remains is the imposition of sentence.

Pursuant to subdivision (c)(3)(B), the defendant is to be informed of the maximum possible sentence and the mandatory minimum, if any. This substantially restates District Court Initial R.Crim.P. 4(c) (1971, as amended, 1973).

General Laws c. 279, § 25, which mandates the maximum sentence for a felony defendant who has been previously convicted of two felonies and sentenced to more than three years on each, is an example of that type of provision contemplated by the "second offense" language of (c)(3)(B).

It has been stated that being subject to the "sexually dangerous person" provisions of G.L. c. 123A "is but one of many contingent consequences of being confined" after conviction. Commonwealth v. Morrow, 363 Mass. 601, 606, 296 N.E.2d 468 (1973), and therefore need not be explained to a defendant prior to acceptance of his plea. See Andrews v. Commonwealth, 361 Mass. 722, 282 N.E.2d 576 (1972). This rule changes the law with respect to those crimes for which the defendant may, after conviction, be committed by the court sua sponte or on motion of the district attorney for examination. G.L. c. 123A, § 4.

The failure to inform the defendant of the maximum possible sentence may result in a guilty plea being set aside as involuntary. E.g., United States ex rel. Lasson v. Damon, 496 F.2d 718 (2d Cir.), cert. denied, 95 S.Ct. 216, 419 U.S. 954, 42 L.Ed.2d 172 (1974); Wade v. Wainwright, 420 F.2d 898 (5th Cir.1969), distinguished in Commonwealth v. Leate, 367 Mass. 689, 695-696, 327 N.E.2d 866 (1975). Compare Commonwealth v. Curry, Mass.App.Adv.Sh. (1979) 977, 380 N.E.2d 1325 (Rescript) (Failure to advise of maximum possible sentence harmless error, if error at all).

While Boykin v. Alabama, 89 S.Ct. 1709, 395 U.S. 238, 23 L.Ed.2d 274 (1969) requires that the record show the conclusivity of the plea on further litigation, it does not require that a defendant be informed "in so many words" that by his plea of guilty he waives his right of appeal. Commonwealth v. Hamilton, 3 Mass.App. 554, 558, 336 N.E.2d 872 (1975). The Appeals Court has cautioned that if such information is given, it will "require careful formulation to avoid creating confusion as to the right to appeal to the Appellate Division of the Superior Court and the right to post-conviction remedies under special circumstances." Id. at 558, n. 6.

In Durant v. United States, 410 F.2d 689 (1st Cir.1969) the Court of Appeals held that full inquiry under Fed.R.Crim.P. 11 is particularly important when ineligibility for parole is a consequence of a conviction. The same is true of a mandatory special parole term. United States v. Yazbeck, 524 F.2d 641 (1st Cir.1975). The Massachusetts courts are of the view, however, that the limitations on, or requirements for, parole, are but contingent consequences of being confined, and do not require the court to advise the defendant of the legal and practical complexities of the parole law. Commonwealth v. Stanton, 2 Mass.App. 614, 622, 317 N.E.2d 487 (1974). Accord Commonwealth v. Brown, Mass.App.Adv.Sh. (1978) 92, 372 N.E.2d 530 (Rescript); Commonwealth v. Jefferson, 4 Mass.App. 352, 348 N.E.2d 453 (1976). See Commonwealth v. Morrow, 363 Mass. 601, 606, 296 N.E.2d 468 (1973).

Pursuant to G.L. c. 278, § 29D, the defendant must be advised that if he is not a United States citizen, a conviction may have the consequences of deportation, exclusion of admission, or denial of naturalization. This information is expressly required by the statute to be imparted by the judge, rather than by counsel as permitted by this subdivision with respect to other consequences.

More indefinite collateral consequences, such as ineligibility to receive good time deductions from a sentence being served after conviction of certain crimes, are beyond the scope of the information of which the defendant must be made aware under this subdivision. Commonwealth v. Brown, Mass.App.Ct.Adv.Sh. (1978) 92, 372 N.E.2d 580 (Rescript).

(c)(4). To this point the court has been informed of the existence of and substance of a plea arrangement, has indicated a willingness to entertain that arrangement, has informed the defendant or caused him to be informed of the consequences of acceptance of the plea. The defendant now formally tenders his plea to the court, which then conducts a hearing to determine the voluntariness thereof.

(c)(5). The Supreme Court, in Johnson v. Zerbst, 58 S.Ct. 1019, 304 U.S. 458, 82 L.Ed. 1461 (1938), declared that a waiver is "an intentional relinquishment or abandonment of a known right or privilege." Id. at 464 (emphasis supplied). The Court also recognized a presumption against the waiver of constitutional rights, thus increasing the need for the adoption of procedural safeguards to insure that presumption is effectively rebutted. In Fruit v. Commonwealth, 363 Mass. 90, 101, 292 N.E.2d 700 (1973), the court recognized that Boykin v. Alabama, 89 S.Ct. 1709, 395 U.S. 238, 23 L.Ed.2d 274 (1969), placed the burden of establishing upon the prosecution that a guilty plea is made voluntarily and intelligently on the prosecution, but denied retroactive application. As to post Boykin pleas, the Commonwealth must meet that burden. See Commonwealth v. McGuirk, Mass.Adv.Sh. (1978) 2186, 2500 n. 4, 380 N.E.2d 662; Commonwealth v. Morrow, 363 Mass. 601, 604, 296 N.E.2d 468 (1973). In Boykin, supra, the Supreme Court expressly stated that the standards applicable to constitutional waivers apply to pleas of guilty. Such a holding is consistent with existing Massachusetts law. E.g., District Court Initial R.Crim.P. 4 (1971). Therefore, as a matter of constitutional due process, a guilty plea should not be accepted, and if accepted must be later set aside, unless the record shows affirmatively that the defendant entered the plea freely and understandingly. Commonwealth v. Foster, 368 Mass. 100, 102, 330 N.E.2d 155 (1975).

In order for the defendant's plea to be accepted as intelligently made, the judge must find that the defendant understands "(1) the meaning of the charge, (2) what acts are necessary to establish guilt, and (3) the consequences of pleading guilty to the charge." Munich v. United States, 337 F.2d 356, 359 (9th Cir.1964) (citations omitted), or expressed differently, the defendant must have "a rational as well as factual understanding of the proceedings against him." Berry v. United States, 286 F.Supp. 816, 819 (E.D.Pa.1968).

The first distinct requirement is that the defendant understand the nature of the charge. See District Court Initial R.Crim.P. 4(b) (1971). A plea may be involuntary because the defendant has such an incomplete understanding of the charge that his plea is an unintelligent admission of guilt. Without adequate notice of the nature of the charge against him, or an indication that he in fact comprehends the charge, the defendant's plea cannot stand as voluntary. Smith v. O'Grady, 61 S.Ct. 572, 312 U.S. 329, 85 L.Ed. 859 (1941). In

Henderson v. Morgan, 96 S.Ct. 2253, 426 U.S. 637, L.Ed.2d 108 (1976), the Supreme Court held that a guilty plea to a charge of second-degree murder was involuntary because the defendant was not informed that intent to cause death was an element of that crime. The Court assuming without deciding, that notice of the true nature or substance of a charge does not always require a description of every element of the offense, however. Id. at 647 n. 18. Court agreed with the Government that in the aim of a reviewing court should examine the totality of the circumstances and determine whether the substance of the charge, as opposed to its technical elements, was conveyed to the defendant, rather than testing the voluntariness of the plea according to whether a ritualistic litany of the formal elements of the offenses was read to him. Id. at 647. Accord Commonwealth v. McGuirk, Mass.Adv.Sh. (1978) 2186, 2500 N.E.2d 662; Commonwealth v. Bodkic, Mass.Adv. Sh. (1978) 1727, 1736-37, 378 N.E.2d 661. In McGuirk, court states three ways in which the Henderson defense can be cured: 1) the judge can explain the essential elements of the crime charged; 2) counsel may represent that the crime was explained to the defendant the elements he admits by his plea; or 3) the defendant may admit to or stipulate to facts constituting any unexplained elements. Mass.Adv.Sh. (1978) at 2500-01. See Commonwealth v. Hubbard, 371 Mass. 170-171, 355 N.E.2d 469 (1976); Commonwealth v. Curry, Mass.App.Adv.Sh. (1978) 957, 380 N.E.2d 1325 (Rescript).

For an example of the scope of the examination conducted to satisfy the Boykin requirement of an affirmative showing of understanding and voluntariness, see Commonwealth v. Taylor, 370 Mass. 141, 144-45 n. 5, 345 N.E.2d 625 (1976). In conducting that examination, the judge is to rely on his own observations and discernment in concluding that the defendant understands the questions. Commonwealth v. Leate, 367 Mass. 689, 696, 327 N.E.2d 866 (1975); Commonwealth v. Curry, Mass.App.Adv.Sh. (1978) 957, 380 N.E.2d 1325 (Rescript). The question of whether a defendant is competent to plead is answered by applying the same standard which determines whether a defendant is competent to stand trial. Commonwealth v. Leate, supra, at 696; Commonwealth v. Morrow, 363 Mass. 601, 607, 296 N.E.2d 468 (1973).

(c)(5)(A). This subdivision is based upon ABA Standard Relating to Pleas of Guilty § 1.6 (Approved Draft, 1968) and accords with District Court Initial R.Crim.P. 5 (1971). See Fed.R.Crim.P. 11(f).

The "factual basis" standard is consistent with the requirements of prior procedure established by District Court Initial R.Crim.P. 5 (1971). The comment to that rule states, "It is contemplated . . . that at least one prosecution witness will be sworn and testify to the factual basis of the finding." This should be a minimum standard for this subdivision also; interrogating further witnesses, the prosecutor concerning the strength of his case, and the defendant. See 8 MOORE, FEDERAL PRACTICE para. 11.03[3] at 11-54 (1978); ABA Standards Relating to Pleas of Guilty § 1.6 comment at 32 (Approved Draft, 1968).

North Carolina v. Alford, 91 S.Ct. 160, 400 U.S. 25, 27 L.Ed.2d 162 (1970), takes the position that a defendant may plead guilty even if he asserts his innocence. Accord Huot v. Commonwealth, 363 Mass. 91, 292 N.E.2d 700 (1973). If a factual basis for such a plea exists, it is only fair to allow a defendant who is aware of the law, the facts, and the consequences of his plea to attempt to reduce the severity of

154

his punishment by pleading guilty. *See* Commonwealth v. Hubbard, 371 Mass. 160, 170–72, 355 N.E.2d 420 (1976). The defendant is free to weigh the evidence against him and on this basis to waive his right to trial. If the waiver is voluntary and intelligent it should be upheld.

Subdivision (c)(6)(A) is not made applicable to nolo pleas. The purpose of permitting a nolo plea is to relieve the defendant of the adverse repercussions that can result from the introduction of evidence from the present criminal proceedings. This purpose would be undermined to the extent the disclosures led to subsequent civil proceedings or evidence to be used at such proceedings, notwithstanding the fact that the disclosures themselves could not be used in court. The Federal Rules Advisory Committee stated in reference to Fed.R.Crim.P. 11: "it is desirable in some cases to permit entry of judgment upon a plea of nolo contendere without inquiry into the factual basis for the plea."

Subdivision (B). At the conclusion of the hearing, if the judge finds that the plea "is the defendant's own, guided by reasonable advice of his counsel, his own knowledge of what he has done, and a fair understanding of the alternatives", it will be rendered voluntary. Commonwealth v. Foster, Mass.Adv.Sh. (1978) 1727, 1734, 378 N.E.2d 661; *quoting* Commonwealth v. Manning, 367 Mass. 699, 706, 327 N.E.2d 496 (1975). The judge may then accept the plea or, notwithstanding the fact that it is voluntary, reject it. See subdivision (c)(6), infra.

Subdivision (c)(6)(C). If the plea is accepted, the judge shall proceed with sentencing as after a verdict or finding of guilty under Mass.R.Crim.P. 28(b).

Subdivision (d). This subdivision is drawn in part from Fed.R.Crim.P. 11(e)(3)-(4) and from ABA *Standards Relating to Pleas of Guilty* § 2.1 (Approved Draft, 1968). See Rules of Criminal Procedure (U.L.A.) Rule 444(e) (1974). *Compare* Fed.R.Crim.P. 32(d) (plea may be withdrawn after sentence "to correct manifest injustice") with ALI *Model Code of Pre-Arraignment Procedure* § 350.6 (P.O.D.1975) (defendant may withdraw plea if sentence to be imposed is more severe than that provided in plea agreement).

Pre-existing statutes relative to the withdrawal of a plea after imposition of sentence are intended to be unaffected by this rule. General Laws c. 278 §§ 29A (St.1959, c. 320) and 29C (St.1962, c. 310, § 2) permitted the retraction of a sentence and the withdrawal of any plea upon which sentence was imposed within sixty days of sentencing. This has not been done. Now see Mass.R.Crim.P. 29. Laws c. 278, § 29B (as amended) grants the absolute right to withdraw his plea prior to the time the plea was offered without the assistance of counsel. Presumably this section applies even when counsel has been waived and is therefore an exception to that the defendant must show that justice has not...

... instances, the trial judge is lodged with... the withdrawal unless the withdrawal is... matter of law.

... can show that the plea was not voluntary... knowingly, then a motion for withdrawal... for these requirements are constitutional... validity of the plea.

Subdivision (c)(6), the phrase "exceed an accommodation for a particular sentence or type of... an agreed recommendation for a particular... than incarceration" means to vary from...

the arrangement agreed upon by the parties in a manner which is detrimental or prejudicial to the interests of the defendant. Where the particular sentence or type of punishment or other disposition which would be imposed by the judge pursuant to a plea arrangement is substantially at variance with the recommendation, the defendant is to be allowed to withdraw his plea. *See* Commonwealth v. Taylor, 370 Mass. 141, 145–46, 345 N.E.2d 695 (1976).

It should be noted that this subdivision only contemplates the type of agreement where the prosecutor promises to recommend a *sentence* or other disposition. In other types of agreements, which require no judicial ratification, disclosure to the court prior to the tender of the plea serves no purpose other than determining whether the plea is knowingly and voluntarily made. For example, the promise by the prosecutor to enter a nolle prosequi to certain charges (Subdivision (c)(1)(A), infra) may be fulfilled without judicial approval for the "[p]ower to enter a nolle prosequi is absolute in the prosecuting officer ... except possibly in instances of scandalous abuse of the authority." Commonwealth v. Dascalakis, 246 Mass. 12, 18, 140 N.E. 470 (1923). *See* Mass.R.Crim.P. 16.

Upon disclosure of the plea arrangement pursuant to subdivisions (b)(2) or (c)(1), the judge has many available options. After reviewing the arrangement and, if desired, the probation report, the judge may concur in the recommendation; concur in the recommendation, but condition the concurrence upon facts being found consistent with representations made to him; refuse to accept the recommendation; or propose an alternative disposition, giving the defendant a reasonable opportunity to consider the alternative before deciding whether to persist in his plea or proceed to trial.

Subdivision (d). It is emphasized in subdivision (d) that if the defendant proceed to trial having had a recommendation refused or having withdrawn his tender of a plea, then any agreements which arose out of prior negotiations, except as to charges which have already been noll prossed, are not binding upon the court or the prosecution.

Subdivision (d) is designed to discourage the practice of "judge-shopping," that is, tendering, withdrawing, and retendering a guilty plea until a judge is found who will agree to the disposition favored by the defendant. A defendant is to have one opportunity to have a plea recommendation reviewed. If it is rejected or if he withdraws his offer to plead, prior concessions or agreements as to recommendations for disposition are no longer viable. *See* Blaikie v. District Attorney for Suffolk County, Mass.Adv.Sh. (1978) 1848, 1854 & n.3, 375 N.E.2d 1368.

Subdivision (e). The conditions governing the availability to the defendant of the probation report are the same as those which control under Mass.R.Crim.P. 28(d)(3). It is important for the defendant to have access to such information so that he can more effectively bargain with the prosecutor and more accurately predict how the court will react to proposed dispositions. The judge need not always view the probation report to properly decide whether it should be released to the defendant. The judge can rely on representations made by the probation department or by the prosecutor in reaching his decision.

Subdivision (f). Drawn from Fed.R.Crim.P. 11(e)(6), this subdivision changes the rule in Massachusetts that a plea that has been withdrawn may be introduced in subsequent proceedings as an admission by the defendant. Morrissey v. Powell, 304 Mass. 268, 23 N.E.2d 411, 124 A.L.R. 1522 (1939).

## RULES OF CRIMINAL PROCEDURE

The proposal is consistent with the modern trend and with the rule in federal courts. See ABA *Standards Relating to Pleas of Guilty*, §§ 2.2, 3.4 (Approved Draft, 1968); Rules of Criminal Procedure (U.L.A.) rule 444(f) (1974); ALI *Model Code of Pre-Arraignment Procedure* § 350.7 (P.O.D.1975).

In Kercheval v. United States, 47 S.Ct. 582, 274 U.S. 220, 71 L.Ed. 1009 (1927), the Supreme Court said that permitting a withdrawn plea to be used in subsequent proceedings undermines the rule allowing the plea to be withdrawn. A court adjudication of the impropriety of admitting the plea indicates the improvidence of using the plea for any evidentiary purposes. Subdivision (f) had already been anticipated in part by the decision in White v. Maryland, 83 S.Ct. 1050, 373 U.S. 59, 10 L.Ed.2d 193 (1963), in which the Supreme Court said that the Constitution requires the invalidation and subsequent non-use of pleas entered by a defendant without the advice of counsel and where counsel had not been waived. It is merely an expansion of this principle along lines consistent with the underlying logic of that decision to hold that all invalid pleas should not be later admissible in evidence.

Additional justifications are that juries tend to give undue weight to the introduction of prior pleas, and that Miranda v. Arizona, 86 S.Ct. 1602, 384 U.S. 436, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966), suggests that the fifth amendment requires admissions obtained in a manner inconsistent with the preservation of constitutional rights to be inadmissible in any subsequent criminal proceeding.

## RULE 13. PRETRIAL MOTIONS

(Applicable to District Court and Superior Court)

**(a) In General.**

(1) *Requirement of Writing and Signature; Waiver.* A pretrial motion shall be in writing and signed by the party making the motion or the attorney for that party. Pretrial motions shall be filed within the time allowed by subdivision (d) of this rule. Notwithstanding the foregoing, the failure of the defendant to file pretrial motions in a District Court jury-waived session, or if filed, the denial thereof, shall not constitute a waiver of the right to file such motions upon an appeal to a District Court jury session.

(2) *Grounds and Affidavit.* A pretrial motion shall state the grounds on which it is based and shall include in separately numbered paragraphs all reasons, defenses, or objections then available, which shall be set forth with particularity. If there are multiple charges, a motion filed pursuant to this rule shall specify the particular charge to which it applies. Grounds not stated which reasonably could have been known at the time a motion is filed shall be deemed to have been waived, but a judge for cause shown may grant relief from such waiver. In addition, an affidavit detailing all facts relied upon in support of the motion and signed by a person with personal knowledge of the factual basis of the motion shall be attached.

(3) *Service and Notice.* A copy of any pretrial motion and supporting affidavits shall be served on all parties or their attorneys pursuant to Rule 32 at the time the originals are filed. Opposing affidavits shall

be served not later than one day before the hearing. For cause shown the requirements of this subdivision (3) may be waived by the court.

(4) *Memoranda of Law.* The judge or special magistrate may require the filing of a memorandum of law, in such form and within such time as he may direct, as a condition precedent to a hearing on a motion or interlocutory matter. No motion to suppress evidence, other than evidence seized during a warrantless search, and no motion to dismiss may be filed unless accompanied by a memorandum of law except when otherwise ordered by the judge or special magistrate.

(5) *Renewal.* Upon a showing that substantial justice requires, the judge or special magistrate may permit a pretrial motion which has been heard and denied to be renewed.

**(b) Bill of Particulars.**

(1) *Motion.* Within the time provided for the filing of pretrial motions by this rule or within such other time as the judge may allow, a defendant may request or the judge upon his own motion may order that the prosecution file a statement of such particulars as may be necessary to give both the defendant and the court reasonable notice of the crime charged, including time, place, manner, or means.

(2) *Amendment.* If at trial there exists a material variance between the evidence and bill of particulars, the judge may order the bill of particulars amended or may grant such other relief as justice requires.

**(c) Motion to Dismiss or to Grant Appropriate Relief.**

(1) All defenses available to a defendant by plea, other than not guilty, shall only be raised by a motion to dismiss or by a motion to grant appropriate relief.

(2) A defense or objection which is capable of determination without trial of the general issue shall be raised before trial by motion.

**(d) Filing; Hearing on Motions.**

(1) *District Court.*

(A) No Conference Ordered.

(i) Filing. A pretrial motion shall be filed and marked up for hearing not less than five days prior to trial or within such other time as the court may order. The judge for cause shown may entertain a pretrial motion at any time before trial.

(ii) Scheduling Hearings on Motions. If the parties have agreed to a mutually convenient time for the hearing of a pretrial motion, the moving party may request that the clerk mark up the motion for hearing at that time. If so requested, the clerk shall mark up the motion for hearing at that time unless the judge otherwise orders.

156

## COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT
CLERK'S OFFICE
1500 NEW COURT HOUSE
BOSTON, MASSACHUSETTS 02108
(617) 725-8106

May 1, 2002

Joshua R. Weinberger, Esquire
136 Warren Ave
P.O. Box 4128
Brockton, MA 02303

RE:     No. 2001-P-0795

**COMMONWEALTH**
**vs.**
**CHARLES WILKERSON**

NOTICE OF DOCKET ENTRY

Please take note that on May 1, 2002, the following entry
was made on the docket of the above-referenced case:

Decision: Rule 1:28 (L-S-MI). Order denying motion for new trial
affirmed. *Notice. (See image on file.)

Very truly yours,

The Clerk's Office

Dated: May 1, 2002

To:   Rosemary Daly, A.D.A.
      Joshua R. Weinberger, Esquire

# Commonwealth of Massachusetts

## Appeals Court for the Commonwealth

### At Boston,

In the case no. 01-P-795

COMMONWEALTH

*vs.*

CHARLES WILKERSON.

Pending in the District (Dorchester)

Court for the County of Suffolk

Ordered, that the following entry be made in the docket:

Order denying motion for
new trial affirmed.

By the Court,

_____, Clerk

First Assistant

Date

May 1, 2002

NOTE:
The original of the within rescript
will issue in due course, pursuant
to M.R.A.P.23

APPEALS COURT

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

01-P-795

COMMONWEALTH

vs.

CHARLES WILKERSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

The defendant appeals the denial of his motion for new trial
because, he argues, there is no evidence that his guilty plea was
entered voluntarily and intelligently.

The defendant refers to Boykin v. Alabama, 395 U.S. 238,
242-243 (1969), and the constitutional requirement that a guilty
plea must be vacated or nullified unless the record of the plea
proceedings demonstrates that it was knowing and voluntary.  He
asserts that the Commonwealth cannot establish these requirements
because the Commonwealth cannot show compliance with procedures
and explanations called for in connection with admission to
sufficient facts.  See Commonwealth v. Duquette, 386 Mass. 834,
841-842 (1982); Commonwealth v. Mele, 20 Mass. App. Ct. 958, 958
(1985).  As a consequence, the defendant asserts that his
conviction must necessarily be set aside.

The defendant's contention is governed by the principles
expressed in Commonwealth v. Lopez, 426 Mass. 657, 661-665
(1998), and Commonwealth v. Grant, 426 Mass. 667, 671 (1998).

Here, as in Lopez and Grant, the record of the defendant's admissions and sentencing cannot be obtained, through no fault of the Commonwealth, because the tape recording of the proceeding apparently has been destroyed pursuant to court rule.   See Special Rules of the District Courts 211(A)(4).   While acknowledging that the Commonwealth has the obligation to prove that a contemporaneous record of a defendant's plea hearing satisfies certain standards of voluntariness and understanding, we have held that if that record "is unavailable, it may be reconstructed through testimony or other suitable proof of what happened in court when the guilty plea was taken."   Commonwealth v. Quinones, 414 Mass. 423, 432 (1993) (citations omitted).   See Commonwealth v. Rzepphiewski, 431 Mass. 48, 53-54 (2000).

        Further, the presumption of regularity and the policy of finality come into play, as has been explained in Commonwealth v. Lopez, supra at 664-665, to place on the defendant the requirement of showing some basis that adequately supports a negation of his conviction or which, at the very least, warrants further inquiry in the district court.   Commonwealth v. Grant, supra at 671.   We agree with the Commonwealth that the defendant's presentation does not justify relief.

        The defendant claims that his trial counsel failed to inform him that by admitting to sufficient facts, he was waiving his

right to a jury trial. Nevertheless, the record, as reconstructed, shows that the defendant signed a waiver of the right to an initial jury trial in this case. Further, the docket sheet indicates that the defendant was advised of his right to a jury trial and that the defendant waived that right. "These facts bespeak the defendant's intention to consummate the plea bargain." Commonwealth v. Grant, supra at 672.

In addition, the judge who denied the defendant's motion to withdraw his plea was the same judge who took the plea and implemented the plea bargain. We grant substantial deference to a decision denying a rule 30(b) motion of this type when the judge passing on the motion is the same judge who heard the plea. Commonwealth v. Amirault, 424 Mass. 618, 646 (1997). The judge had the defendant's memorandum of law and heard argument on the defendant's motion to withdraw his admissions before denying the motion. The judge appeared to have relied on the fact that the defendant was not inexperienced when it came to district court practice in 1993. See Commonwealth v. Russell, 37 Mass. App. Ct. 152, 157 (1994), cert. denied, 513 U.S. 1094 (1995). The judge noted that on the same date as the plea in question, the defendant pleaded to another charge in a district court jury session. He also had appealed a prior case to the jury session, and defaulted there. As such, the judge noted, the defendant had

3

exercised his jury trial right in the past and disposed of a case in the jury session.  This suggests that the defendant had an awareness of the mechanics of a trial, his right to confront witnesses and the like, and his right to have his guilt or innocence ultimately determined by a jury.  See ibid.  This circumstance supports the conclusion that the defendant understood the consequences of his admissions on May 10, 1993. Commonwealth v. Grant, 426 Mass. at 673.

    The defendant's motion for a new trial properly was denied.[1]

So ordered.

                By the Court (Laurence, Smith, & Mills, JJ.)

_Asst_ Clerk

Entered:  May 1, 2002.

---

    [1] The defendant's reliance on G. L. c. 263, § 6 is inapposite.  "In G. L. c. 263, § 6, the Legislature has expressed a definite policy as to the required procedure for conducting a criminal trial without a jury, a policy which requires a written waiver by the defendant filed with the clerk."  Commonwealth v. Wheeler, 42 Mass. App. Ct. 933, 935 (1997).  See Ciummei v. Commonwealth, 378 Mass. 504, 509-511 (1979).  That provision, however, does not speak to a defendant's decision to plead guilty; it applies to a defendant's decision to forego a jury trial in favor of a bench trial.  See Commonwealth v. Hernandez, 42 Mass. App. Ct. 780, 784 (1997).

4

**TABLE OF CONTENTS**

                                                      **Page**

TABLE OF AUTHORITIES

STATEMENT OF THE ISSUES                                 1

STATEMENT OF THE CASE                                   1

STATEMENT OF THE FACTS                                  2

ARGUMENT

   1. THE TRIAL COURT ERRED IN DENYING                  4
      DEFENDANT'S MOTION FOR A NEW TRIAL
      BECAUSE THERE WAS NO EVIDENCE THAT
      THE DEFENDANT'S GUILTY PLEA WAS
      ENTERED UNDERSTANDINGLY AND
      VOLUNTARILY.

CONCLUSION                                              8

RECORD APPENDIX

ADDENDUM

## TABLE OF AUTHORITIES

**Pages**

**UNITED STATES SUPREME COURT CASES**

Boykin v. Alabans, 395 U.S. 238        4, 5
(1969).

**MASSACHUSETTS CASES**

Ciummei v. Commonwealth, 378 Mass. 504        5
(1979).

Commwealth v. Abreau, 391 Mass. 777        5
(1980).

Commonwealth v. De La Zerda, 416 Mass.        6
247 (1993).

Commonwealth v. Dietrich, 381 Mass. 458        5
(1980).

Commonwealth v. Duquette, 386 Mass. 834        4, 6
(1982).

Commonwealth v. Fernandes, 380 Mass. 714        6
(1984).

Commonwealth v. Foster, 368 Mass. 100        5-6
(1975).

Commonwealth v. Hernandez, 42        5
Mass.App.Ct. 780 (1997).

Commonwealth v. Huot, 380 Mass. 403        6
(1980).

Commonwealth v. Morrow, 363 Mass. 601        4, 6
(1973) .

Commonwealth v. Pavao, 423 Mass. 708        5
(1996).

Commonwealth v. Penrose, 363 Mass. 677        6
(1973).

## STATEMENT OF THE ISSUES

1.  Whether the trial court erred in denying Defendant's Motion for a New Trial when there was no evidence that the Defendant's guilty plea was entered understandingly and voluntarily.

## STATEMENT OF THE CASE

On or about August 18, 1992, a complaint issued against Mr. Charles Wilkerson ("Mr. Wilkerson") for one count of possession of a Class B substance with intent to distribute in violation of Massachusetts General Laws chapter 94C section 32A, and for one count of conspiracy to violate the controlled substance laws in violation of Massachusetts General Laws chapter 94C section 40. (Record Appendix, pages 1-4, hereinafter "R. 1-4"). On or about May 10, 1993, Mr. Wilkerson admitted to sufficient facts on both counts. (R. 2). As a result of this admission, the Honorable Judge Dolan found Mr. Wilkerson guilty of Count I, and sentenced Mr. Wilkerson to two years in the house of corrections, but suspended the sentence for two years. (R. 2). He also found Mr. Wilkerson guilty of Count II, but filed the sentence. (R. 2). On or about February 15, 2000, Defense Counsel filed a Motion for New Trial. (R. 3, R. 4, R. 5.). The Honorable Judge Dolan denied the Motion for New Trial on or about August 3, 2000. (R. 3-4, R. 12). On or about August

1

7, 2000, the Defendant filed a timely notice of appeal.
(R. 3, R. 4, R. 13).

## STATEMENT OF FACTS

On February 15, 2000, Defendant filed a Motion for
a New Trial pursuant to Rule 30(b) of the Massachusetts
Rules of Criminal Procedure.  (R. 4, 6).  Defense
Counsel included a Memorandum of Law and supporting
affidavits with the Motion.  (R. 7-12).  In particular,
the accompanying affidavit of Charles Wilkerson stated,
in part, as follows:

> "4.  On May 10, 1993, I was brought before
> the Court on the default warrant.  Attorney
> Tomasetti was appointed to represent me.
>
> 5.  I had a brief conversation with Mr.
> Tomasetti in the lockup in which he told me
> that he could not try the case, but that he
> could get me a suspended sentence.  He did
> not discuss the facts of the case, review any
> defenses to the case, or discuss the search
> warrant that had resulted in the seizure of
> evidence.
>
> 6.  I was subsequently brought into the
> courtroom where the prosecutor told the judge
> that there was an agreement.
>
> 7.  I was asked if I understood the charges
> to which I was pleading guilty.  I was not
> asked or told about the right to jury that I
> was waiving, i.e., that the jury is made up
> of members of the community, that I could
> participate in their selection, that their
> verdict must be unanimous, that the jury
> decides the facts, and the judge rules on the
> law and imposes sentence if found guilty.
>
> 8.  My admission to sufficient facts was not
> voluntary or intelligent because I was not

> fully advised of my constitutional right to a
> jury trial.
>
> 9.   My admission to sufficient facts was not
> voluntary because I thought that if I did not
> plead guilty and claimed my right to a jury
> trial, I would have to remain in jail."

(R. 7-8).  Defense Counsel also attached his own
affidavit to the Motion for a New Trial.  (R. 6).
Defense Counsel's affidavit established that the
tape recording of the plea colloquy was no longer
available.  (R. 6).  It further established that
Attorney Tomasetti had no recollection of the
proceedings in which Mr. Wilkerson admitted to
sufficient facts.  (R. 6).

The Trial Court sent copies of the Motion for
a New Trial to the Honorable Judge Dolan in the
New Bedford District Court.  (R. 3).  Judge Dolan
subsequently scheduled a hearing on the matter in
the Quincy District Court on August 1, 2000.  (R.
3).  After hearing, Judge Dolan denied the Motion
for a New Trial.  (R. 3, R. 4, R. 12).  In his
decision, Judge Dolan stated, in part,  "While the
defendant probably did not get a full colloquy on
the case, he was advised of his right to appeal to
a jury trial.  He has exercised that right in the
past and disposed of a case in the jury session."
(R. 12).

3

**ARGUMENT**

I.   THE TRIAL COURT ERRED IN DENYING DEFENDANT'S
     MOTION FOR A NEW TRIAL BECAUSE THERE WAS NO
     EVIDENCE THAT THE DEFENDANT'S GUILTY PLEA WAS
     ENTERED UNDERSTANDINGLY AND VOLUNTARILY.

The Trial Court committed reversible error when it
denied Mr. Wilkerson's Motion for a New Trial because
there was no affirmative showing that Mr. Wilkerson's
plea was made intelligently and voluntarily.

A defendant in a criminal case may waive his right
to a jury trial, and may enter a plea of guilty, if he
so chooses.  M.G.L. c. 263 sec. 6; Mass.R.Crim.P. 12.
"'It is well established, however, that a guilty plea
may not be accepted without an affirmative showing that
the defendant acts voluntarily and understands the
consequences of his plea."  Commonwealth v. Duquette,
386 Mass. 834, 841 (1982), citing to Boykin v. Alabama,
395 U.S. 238, 242 (1969); Commonwealth v. Morrow, 363
Mass. 601, 604 (1973).  Rule 12(c)(3) of the
Massachusetts Rules of Criminal Procedure "specifically
requires that the judge to ensure that the defendant is
informed, on the record and in open court, of the three
constitutional rights which are waived by a plea of
guilty:  the right to trial, the right to confront
one's accusers, and the privilege against self-
incrimination."  See Id. citing to Boykin at 243.

4

In this regard, the "judge must engage in a colloquy with the defendant in which, during the exchange, 'the judge will advise the defendant of his constitutional right to a jury trial, and will satisfy himself that any waiver by the defendant is made voluntarily and intelligently.'" Commonwealth v. Hernandez, 42 Mass.App.Ct. 780, 784 (1997) quoting Ciummei v. Commonwealth, 378 Mass. 504, 509 (1979). "Moreover, in order to ensure a record demonstrating that the defendant clearly understood 'this precious constitutional right,' . . the trial judge 'should make sure that the defendant has conferred with his counsel about his waiver, and that he has not been pressured or cajoled and is not intoxicated or otherwise rendered incapable of rational judgment.'" See Id. quoting Commonwealth v. Dietrich, 381 Mass. 458, 460 (1980); Commonwealth v. Abreau, 391 Mass. 777, 780 (1980); Ciummei at 510.

The purpose of the colloquy is to ensure that Defense Counsel has adequately advised the Defendant of the significant nature of the rights he forsakes. See Id. quoting Commonwealth v. Pavao, 423 Mass. 708, 803 (1996); Commowealth v. Abreau, at 778. This colloquy is constitutionally mandated. Commonwealth v. Pavao at 800 citing Boykin v. Alabama; Commonwealth v. Foster,

5

368 Mass. 100 (1975).  As a result, the Trial Court must administer a colloquy in conjunction with each and every plea.  See Id.  Because of the constitutional nature of this mandate, harmless error analysis is inappropriate.  See Id.  "[A]s a matter of constitutional due process, a guilty plea should not be accepted, and if accepted must be later set aside unless the record shows affirmatively that the defendant entered the plea freely and understandingly."  Commonwealth v. Foster, at 102.

A defendant who wishes to challenge a guilty plea must do so by bringing a Motion for New Trial.  Commonwealth v. De La Zerda, 416 Mass. 247, 250 (1993) citing to Commonwealth v. Fernandes, 380 Mass. 714, 715 (1984); Commonwealth v. Huot, 380 Mass. 403, 405 (1980) citing Commonwealth v. Penrose, 363 Mass. 677 (1973). While the Trial Court normally has discretion in such matters, it has no discretion to deny a Motion for New Trial if the plea was entered in violation of the Defendant's constitutional rights.  See Id.  At the hearing on the Motion for New Trial, "[t]he burden is on the Commonwealth to show that a challenged guilty plea was understandingly and voluntarily made."  Duquette at 841 citing to Commonwealth v. Morrow, 363 Mass 601, 604 (1973); Huot at 99-100.

In the present case, the Trial Court failed to protect Mr. Wilkerson's constitutional rights. Trial Counsel failed to discuss the facts of the case with Mr. Wilkerson. He further failed to review the defenses or to discuss possible issues of suppression. The Trial Court compounded Trial Counsel's errors by failing to conduct a colloquy. The Trial Court failed to advise Mr. Wilkerson that, by admitting to sufficient facts, he was waiving his right to a jury trial. It failed to advise him that the jury would consist of members of the community, that Mr. Wilkerson could participate in their selection, that their verdict must be unanimous, and that the jury decides the facts.

Successor Defense Counsel appropriately attacked Mr. Wilkerson's plea by filing a Motion for New Trial. The Trial Court erroneously applied a "harmless error" standard in reviewing this motion. The Trial Court admitted that it had failed to provide Mr. Wilkerson with a plea colloquy. Nonetheless, it concluded that its deficiencies did not cause Mr. Wilkerson any prejudice because Mr. Wilkerson had disposed of other criminal matters in the past.

The Trial Court erred in its analysis. If it failed to conduct the colloquy, it must order a new

7

trial; there is no discretion. Its failure to conduct a constitutionally mandated colloquy must result in a new trial upon motion.

Because the Trial Court deprived Mr. Wilkerson of his "precious constitutional right" the Motion for New Trial should have been granted. As a result, Mr. Wilkerson's convictions should be reversed, and his matter remanded for a new trial.

## CONCLUSION

Based on the foregoing facts and authority, the defendant respectfully requests that this Honorable Court reverse his conviction, and remand this matter for a new trial.

> Respectfully submitted
> Charles Wilkerson

**RECORD APPENDIX**

**TABLE OF CONTENTS - RECORD APPENDIX**

| | |
|---|---|
| Complaint | R. 1 |
| Docket Entries | R. 2 |
| Motion for New Trial | R. 5 |
| Affidavit of John F. Palmer | R. 6 |
| Affidavit of Charles Wilkerson | R. 7 |
| Memorandum in Support of Motion for New Trial | R. 9 |
| Trial Court's Ruling on Defendant's Motion for New Trial | R. 12 |
| Notice of Appeal | R. 13 |

MAR 15 1994 BOSTON MUN. COURT DEPARTMENT Trial Court Massac 9/285

**District Court Department**

| | | |
|---|---|---|
| COUNT/DIVISION | | |
| Docket No. | NAME, ADDRESS AND ZIP CODE OF DEFENDANT | TO ANY AUTHORIZED OFFICER: |
| C.C. #0592 | Charles Wilkerson | **REASON FOR WARRANT** |
| Sex M. race b. | 196 Itaska St. | [ ] Representation of prosecutor that defendant m not appear unless arrested. |
| 6'1" 185 lbs. | Mattapan, MA | [ ] Defendant failed to appear after being summon to appear. |
| eyes brn. hair blk. | | [X] Defendant failed to appear after recognizing appear. |

| DEF. DOB AND SEX | OFFENSE CODE(S) | |
|---|---|---|
| 7/28/65 | 802/832 | [ ] Defendant failed to pay [fine] [costs] in t amount of $_____ |
| **DATE OF OFFENSE** | **PLACE OF OFFENSE** | [ ] Defendant failed to pay non-criminal moto vehicle fine in the amount of $_____ |
| 8/18/92 | 576 B.H.A. Dorch. | |
| **COMPLAINANT** | **POLICE DEPARTMENT (if applicable)** | [ ] Other: |
| Sgt. Buckley | DCU | |
| **DATE OF COMPLAINT** | **RETURN DATE AND TIME** | |
| 8/18/92 | Arrest | *I* |

**COUNT/OFFENSE**

**a) POSS.CLASS B SUB. W/INT TO DISTRIB C94C S32A (a)**

not being authorized by law, did knowingly or intentionally possess with intent to manufact distribute or dispense a controlled substance in Class "B" of G.L. c.94C, s.31, to wit: Cocaine, in violation of G.L. c.94C, s.32A.

**COUNT/OFFENSE**

**b) CONSPIRACY TO VIOLATE CONTR. SUB. LAWS C94C S40**

did conspire with Kevin Ryner, Tuccoma Searcey, Ricardo Parks, Frantz Bessereth to violate the provisions of G.L. c.94C, to wit: Poss of cocaine w/int., in violation of G.L. c.94C, s.40.

**COUNT/OFFENSE**

**COUNT/OFFENSE**

THE COURT HAS ORDERED THAT A   [ ] **WARRANT**    ISSUE AGAINST THE ABOVE DEFENDANT
                                      [X] **DEFAULT WARRANT**

Therefore you are hereby commanded to arrest the above named defendant and bring the defendant forthwith before this court to answer to the offense(s) listed above and to be dealt with according to law.

C.A.1

| WITNESS | **FIRST JUSTICE**<br>HON. JAMES W. DOLAN | DATE OF ISSUE<br>09/30/92 | CLERK-MAGISTRATE/ASST. CLERK<br>*James T. Buckly* |
|---|---|---|---|

| COURT DIVISION Dorchester | NAME, ADDRESS AND ZIP CODE OF DEFENDANT | Waived |
|---|---|---|
| CC#21845892 | Charles Wilkerson 196 Itaska St. Mattapan, MA | Retained X Assigned |

TERMS OF RELEASE

| DATE | PROCEEDING |
|---|---|
| 8/18/92 | Arraigned before J. BRAN |
| | Advised of right to counsel |
| | Advised of right to drug exam |
| | Advised of right to bail review |
| 5/10/93 | Advised of right to F.I. Jury Trial |
| | Waives    Requests F.I. Jury Trial |
| | Advised of alien rights |

| DEF. DOB AND SEX 7/23/75 | OFFENSE CODE(S) 802/832 |
|---|---|
| DATE OF OFFENSE 8/17/92 | PLACE OF OFFENSE 576 B.H.A. Dorch. |
| COMPLAINANT Sgt. Buckley | POLICE DEPARTMENT (if applicable) DCU |
| DATE OF COMPLAINT 8/18/92 | RETURN DATE AND TIME Arrest |

| 9 3 82 | MAY 10 1993 |
|---|---|
| Warrant issued   X Warrant not issued |
| Default removed    Warrant recalled |
| Warrant issued   Default warrant issued /34 |
| Default removed    Warrant recalled |

| COUNT-OFFENSE a) .POSS.CLASS B SUB. W/INT TO DISTRIB C94C S32A (a) | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|

| DATE MAY 10 1993 | PLEA Not Guilty   Guilty   Nolo New Plea    Admits suff. facts | IMPRISONMENT AND OTHER DISPOSITION 2 yrs H.C. S.S   5/10/95 all fees waived |
|---|---|---|
| MAY 10 1993 | FINDING S/F   JUDGE Dole Guilty | |
| | Cont. w/o finding until: | FINAL DISPOSITION  Prob fee upon date rel X Discharged from probation  NO appeal Dismissed at request of probation |
| | Appeal of find. & disp.    Appeal of disp. | |

| COUNT-OFFENSE b) .CONSPIRACY TO VIOLATE CONTR. SUB. LAWS C94C S40 | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|

| DATE MAY 10 1993 | PLEA Not Guilty   Guilty   Nolo New Plea    Admits suff. facts | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| MAY 10 1993 | FINDING S/F   JUDGE Dole Guilty | filed   5-19-95 |
| | Cont. w/o finding until: | FINAL DISPOSITION    DATE  Discharged from probation  Dismissed at request of probation |
| | Appeal of find. & disp.    Appeal of disp. | |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|

| DATE | PLEA Not Guilty   Guilty   Nolo New Plea    Admits suff. facts | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | FINDING    JUDGE | |
| | Cont. w/o finding until: | FINAL DISPOSITION    DATE  Discharged from probation  Dismissed at request of probation |
| | Appeal of find. & disp.    Appeal of disp. | |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|

| DATE | PLEA Not Guilty   Guilty   Nolo New Plea    Admits suff. facts | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|

I HEREBY CERTIFY THAT THIS IS A TRUE COPY, GIVEN UNDER MY HAND AND SEAL THIS ___ DAY OF ___ Richard J. Dwyer Clerk-Magistrate CLERK-MAGISTRATE ASSISTANT CLERK

| | FINDING    JUDGE | |
|---|---|---|
| | Cont. w/o finding until: | FINAL DISPOSITION    DATE  Discharged from probation  Dismissed at request of probation |
| | Appeal of find. & disp.    Appeal of disp. | |

| CONT. TO | PURPOSE | CONT. TO | PURPOSE |
|---|---|---|---|
| 9 30 92 | TRIAL | 5/19/93 | |
| 5-10-95 | Re | | |
| 2-16-95 | V/I | | |
| 3-14-95 | V/I | | |

| DATE | TAPE NO | START | STOP |
|---|---|---|---|
| 8-18-92 | 1099 | 1940 | |
| 2-16-95 | 0261 | 25-96 | 2900 |
| 3  95 | 415 | 720 | |

| DATE | DOCKET ENTRIES |
|---|---|
| 8-18-92 | Millius issued cw |
| 8-18-92 | Cash Bail / 300.00 sp |
| 10-9-92 | Bail Forfeited 300.00 sp |
| 09/30/92 | Default Warrant issued to DCU.        (L.V.) |
| 5/10/93 | Def. bef. ct on default warrant - warr. recissed (JH) |
| 5/11/93 | Abstract Sent |
| 2-16-95 | SH withdrawn cont. 3-14-95 STATUS (JH) |
| 5.22.95 | ABSTRACT SENT (RMY) |
| 2/15/00 | Motion for New Trial ; Affidavit in Support of Motion; Affidavit of Defendant in Support of Motion Memorandum in Support of Motion; Motion for Writ of Habeas Corpus; Certificate of Service filed by Atty. John Palmer                    JH |
| 2/29/00 | Copies of paperwork - sent to Judge Dolan in New Bedford Dist. Ct.                JH |
| 7/13/00 | Motion for New Trial to be heard by Judge Dolan in Qcy. Dist Ct. to be heard 8/1/00      JH |
| 7/19/00 | Copies of paperwork sent to Judge Dolan at Qcy. Dist. Ct.                    JH |
| 8/3/00 | Motion denied by Judge Dolan          JH |
| 8.7.00 | Notice of Appeal filed. |
| 12.27.00 | Notice of Assignment of Counsel sent to CPCS for Appt. of Appeal. |
| 2/7/01 | Notice of Assignment of Counsel filed - Atty. Joshua Weinberger appointed          JH |
| 2/15/01 | Notice of Appearance; Certificate of Service filed by Atty. Joshua Weinberger        JH |

**9207 CR 6228**

| Date | Docket Entries |
|------|----------------|
| 02/15/00 | Motion for New Trial Pursuant to Mass R. Crim. P. 30(b) filed. |
| 08/03/00 | Motion for New Trial Pursuant to Mass R. Crim. P. 30(b) denied by Judge Dolan. |
| 08/07/00 | Notice of Appeal filed. |
| 01/31/01 | Motion for Leave to Withdraw allowed by Judge Martin. |
| 02/07/01 | Notice of Assignment of Counsel filed. |
| 02/1501 | Notice of Appearance filed by the Attorney. |
| 06/14/01 | Notice of Assembly of Record sent to all parties. |
| 06/14/01 | Appeal transmitted to Appeals Court. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

JUN 1 4 2001

I HEREBY CERTIFY THAT THIS IS A TRUE
COPY, GIVEN UNDER MY HAND AND SEAL
THIS        DAY OF

CLER    **Clerk-Magistrate**
ASSISTANT CLERK

R.4

# COMMONWEALTH OF MASSACHUSETTS
## SUPREME JUDICIAL COURT FOR THE COMMONWEALTH

### O R D E R

It is hereby Ordered, that the following Application for Further Appellate Review be denied:

FAR-12635

COMMONWEALTH
   vs.
CHARLES WILKERSON

      Dorchester District, SU No. 9207CR6228
      A.C. No. 2001-P-0795

             By the Court,

             Susan Mellen, Clerk

ENTERED:   June 6, 2002

08/20/03                    COMMONWEALTH OF MASSACHUSETTS                    Page 1
                                SUPREME JUDICIAL COURT
                                 FOR THE COMMONWEALTH

                                     FAR-12635

                        COMMONWEALTH vs. CHARLES WILKERSON

```
  ENTRY DATE 05/08/02     CASE STATUS FAR denied
  STATUS DATE 06/06/02           NATURE Crim: drug case
AC DOCKET NO 2001-P-0795   AC ENT/RESC 05/01/02          CLERK DL
    APPELLANT D              APPLICANT D                 CV/CR CR
    LEAD CASE                 RELATION                  OPPOSE 05/20/02
 FC DOCKET NO                 CITATION 437  Mass. 1103
  TRIAL JUDGE Dolan J.W.      TRIAL CT Dorchester District, SU
TC ENTRY DATE 08/18/92     TC DOCKET NO 9207CR6228        PUBLIC y
```

Commonwealth                    Rosemary Daly, A.D.A.
Plaintiff/Appellee              Office of the District Attorney/Suffol
Active 06/15/01                 One Bulfinch Place
                                Boston MA 02114-2997
                                Phone: 617-619-4194
                                Fax: 617-619-4069
                                550478 Active 06/15/01 Notify

                                Susanne Levsen Reardon, A.D.A.
                                Office of the District Attorney/Suffol
                                One Bulfinch Place, 4th Floor
                                Boston MA 02114
                                Phone: 617-619-4087
                                Fax: 617-619-4069
                                561669 Active 11/13/01

Charles Wilkerson               Joshua R. Weinberger, Esquire
Defendant/Appellant             136 Warren Ave
Active 06/15/01                 P.O. Box 4128
                                Brockton MA 02303
                                Phone: 508-587-6000
                                Fax: 508-584-8165
                                634477 Active 06/15/01 Notify

Dorchester District Court
(Lower Court: criminal)
Clerk's Office - Criminal
510 Washington Street
Dorchester MA 02124
Phone: 617-288-9500
Active 06/15/01

                       * * *  D O C K E T  * * *
------------------------------------------------------------------------
PAPER DATE    ENTRY
------------------------------------------------------------------------

    05/08/02 Docket opened.

08/20/03                    COMMONWEALTH OF MASSACHUSETTS                    Page 2
                               SUPREME JUDICIAL COURT
                               FOR THE COMMONWEALTH

                                    FAR-12635

                      COMMONWEALTH vs. CHARLES WILKERSON

                          * * *   D O C K E T   * * *
-----------------------------------------------------------------------------------
PAPER DATE      ENTRY
------ --------  -------------------------------------------------------------------
  1.0 05/08/02 FAR APPLICATION of Charles Wilkerson, filed by Joshua R.
               Weinberger, Esquire.

  2.0 06/06/02 DENIAL of FAR application.