IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 SEP 29 A 11:28

CHARLES WILKERSON, Petitioner,

-Vs-

UNITED STATES OF AMERICA, Respondent.

CRIM. NO. 9207CR06338
CIVIL NO. 04-11771-RGS

## AFFIDAVIT OF MR. CHARLES WILKERSON

I, Affiant, Charles Wilkerson, pro-se, do hereby deposes and says:

1. I am the Petitioner charged in this case and I have personal knowledge surrounding the facts set forth herein. I am also presently incarcerated at the United States Lewisburg Penitentiary in Pennsylvania. I am 29 years old (D.O.B. 7/28/75). Affiant is referred to herein as: I, me, my, Petitioner and Mr. Wilkerson etc.;

2. That affiant was arrested for these offenses on August 17, 1992. I was arraigned in Dorchester District Court on August 18, 1992 and then released on bail;

3. That affiant defaulted on the case dated on September 30, 1992;

4. On May 10, 1993, I was brought before the Court on the defaulted warrant. Attorney Tomasetti, Esq. was appointed to represent me;

5. That I had a brief conversation with Mr. Tomasetti, Esq. in the lock-up about my case, at which time he told me that he could not try my case (after explaining my innocence to him and the Police

Officer planting the drugs on my person. I then became very stressed out, desperate and under severe duress). Mr. Tomasetti, then stated that he could get me a suspended sentence, although I had no knowledge of what a suspended sentence was. Mr. Tomasetti further said that I will not go to jail for the charges if I just signed a piece of paper ... at which time I did hurriedly (which should also be noted that during said times, affiant had a reading and writing impairment. See, No. 11 at infra);

6. That due to me being 17 years old and still committed to D.Y.S. until I was 18 years old, I didn't want DYS to come get me and deal with them and DSS (at the same token), once I got in their custody, I unknowingly did what Mr. Tomasetti said to do. I was never asked about or told my rights to a jury trial, although I constantly stressed my innocence of the charges against me;

7. That Mr. Tomasetti, Esq. did not discuss the facts of my case, reviewed my defense to my case, or discussed the search warrant that had resulted in the seizure of evidence;

8. That affiant subsequently was brought into the courtroom, where the prosecutor told the judge that there was an agreement;

9. That my admission to sufficient facts was not voluntarily, because I was led to believe that if I didn't plead guilty to the charges, affiant's attorney would not try the case (meaning represent Petitioner in court-- being abandoned), and I would remain in lock-up from there on-- allowing the authorities to find out my commitment to DYS and transfer me to their custody, seeing that I wasn't 18 years old yet to be considered an adult;

10. That at the time of my arrest, affiant had just turned 17 years old and although I had been in and out the courthouse in prior

cases as an adult, I was "**ONLY A JUVENILE, DOING JUVENILE ACTIVITIES AND UNDER A JUVENILE MENTALITY**," who lied about his age to avoid the Department of Social Services-- who would continue to try to get me and my siblings until we were 18 years old (as well as the Department of Youth Services from placing me in their custody making it very difficult to provide for my family). So, on the advice of the older guys from around my way, I would say I was older to make it easier for them to get me bailed out knowing my situation with my siblings;

11. That Petitioner didn't know that I had a legal right to face my accusers or that a jury is made up of my peers in the community, because at that time in my life, affiant didn't know how to read and write all that well as stated above. I attended various schools that had a "**766 PROGRAM FOR SPECIAL NEEDS STUDENTS**". Affiant attended these schools up until I dropped out, due to family circumstances. I attended 1) Sarah Greenwood Elementary School, where I was taught by one of two (2) teachers named Mrs. Offley; I attended 2) the Grover Cleveland Middle School as well as the Timothy Middle School, where I supposedly had graduated from, although I had attended school very little or none at all-- due to my family situations and DSS looking for us;

12. That the District Court made an error when they said my father had left when I was 14 years old. My father had been absent from my life since I was 10 years old. And, my mother's mental illness and drug abuse had then became extremely bad/serious when I was 13 years old; at which time I could no longer go to school and I had to start selling drugs for older guys to provide for my siblings survival and education and shelter needs etc., while also

avoiding the Department of Social Services;

13. That Judge Dolan mentioned prior convictions in the Dorchester Court to determine my experience to the Rules, Regulations and Procedures etc., then cites two cases and mentions one prior. The offense (dated 7/3/92) Docket No. 9207JC0393 and offense (dated 5/22/92) Docket No. 9207CR4071, were actually when affaint was 16 years of age and lying about my age to avoid DYS and DSS, from taking me from my siblings; knowing that I was all they had in their lives and me gone, would be a drastic travesty seeing that they would then become homeless and roaming the streets looking for shelter and food etc., if I would have allowed myself to be apprehended and sent back to juvenile detention;

14. That at my Federal Sentencing in front of the Honorable Nancy Gertner, D.J. (November 17th, 2001), I was asked to address the Court at which time I stood up to explain my lack of education, my reasons back then, for lying about my age to avoid being placed in Juvenile Detention and as well as my ignorance to the court's language (legal jargon). Affiant also wanted to express my innocence in the matter of my federal conviction and the prior conviction that had led to me being enhanced; but, as I started to address the Honorable Gertner's question(s) regarding my federal offense, I was interrupted by Defense Counsel-- to be quiet and not to answer anymore questions. Affiant wanted to address the question(s) and further explain my reasons why I chose to go to trial this time i.e., after learning that I had legal rights and I was innocent. Whereas, in the past, I had no knowledge that I could have exercised those rights;

15. That in the Honorable Gertner's courtroom, was the

closest that I had ever came to having an evidentiary hearing on my prior conviction. Although I had taken the advice of my federal attorney, Mr. Palmer, Esq., I then had to live regretting not being able to explain my side of the events that led up to my enhancement on said matter; and

16. That once granted the opportunity to acquire an evidentiary hearing, I would be able to substantiate all the aforementioned facts outside the record i.e., by subpoenaing documents and various individuals etc., to prove that said prior conviction was not made knowingly, voluntarily and intelligently.

**I, Affiant, Charles Wilkerson, pro-se, hereby swear under the penalty of perjury [PURSUANT TO TITLE 28 U.S.C. §1746], that the aforementioned facts as a whole, are all true and correct to the best of Petitioner's/Affiant's own personal knowledge and/or clear recollection.**

**EXECUTED ON THIS 27 DAY OF September, 2004.**

**Respectfully submitted,**

Charles Wilkerson
SIGNATURE OF AFFIANT

DATE: 11/14/94 BOS CRT: ROXBURY DISTRICT( 2) DKT# 9402CR9206A
OFFENSE: ATTACHING WRONG MV PLATES(124P)
DISPOSITION: C 1/10/95 DISM
STATUS: CLOSED

DATE: 11/14/94 BOS CRT: ROXBURY DISTRICT( 2) DKT# 9402CR9206D
OFFENSE: KNOWINGLY REC STOLEN PROP(RSG) $250 OR LESS
DISPOSITION: C 1/10/95 DISM
STATUS: CLOSED

PCF ADULT RECORD INFORMATION AS OF 05/06/98 PAGE 4 OF 5

PRIM NAME: WILKERSON, CHARLES DOB: 07/28/74 PCF#:1777910 *

DATE: 12/03/92 CRT: ROXBURY DISTRICT( 2) DKT# 9202CR9306A
OFFENSE: ASSAULT(ASLT)
DISPOSITION: DF 6/28/94 D/R DISM
STATUS: CLOSED

DATE: 08/18/92 CRT: DORCHESTER DISTRICT( 7) DKT# 9207CR6338A
OFFENSE: POSS TO DISTRIBUTE CLASS B(CSA POSS DIST B )
DISPOSITION: DF 5/10/93 D/R G 2YR SS 5/10/95 5/19/95 TERM
STATUS: CLOSED

DATE: 08/18/92 CRT: DORCHESTER DISTRICT( 7) DKT# 92097CR6338B
OFFENSE: CONSPIRACY TO VIO CONT SUB ACT(CSA CONSP)
DISPOSITION: C 9/30/92 DF 5/10/93 D/R G FILE
STATUS: CLOSED

DATE: 07/23/92 CRT: ROXBURY DISTRICT( 2) DKT# 9202CR3114A
OFFENSE: POSS CLASS B CONT SUB(CSA POSS B)
DISPOSITION: DF D/R DF 7/1/93 D/R DISM
STATUS: CLOSED

DATE: 07/23/92 CRT: ROXBURY DISTRICT( 2) DKT# 9202CR3114B
OFFENSE: POSS TO DISTRIBUTE CLASS B(CSA POSS DIST B )
DISPOSITION: DF D/R DF 7/1/93 D/R DISM
STATUS: CLOSED

DATE: 07/23/92 CRT: ROXBURY DISTRICT( 2) DKT# 9202CR3114C
OFFENSE: POSS TO DISTRIBUTE CLASS B(CSA POSS DIST B )
DISPOSITION: DF D/R DF 7/1/93 D/R DISM
STATUS: CLOSED

DATE: 07/08/92 CRT: ROXBURY DISTRICT( 2) DKT# 9202CR5511A
OFFENSE: POSS TO DISTRIBUTE CLASS B(CSA POSS DIST B )
DISPOSITION: DF 7/1/93 D/R DISM
STATUS: CLOSED

DATE: 07/03/92 CRT: DORCHESTER JURY SIX(607) DKT# 9207JC0393A
OFFENSE: KNOWINGLY REC STOLEN PROP(RSG) MOTOR VEHICLE
DISPOSITION: C 8/5/92 VWF REST G PROB 7/2/93 (@7) 9/30/92 DF 5/10/93 D/R R/R 18MO CMTD
STATUS: CLOSED

DATE: 07/03/92 CRT: DORCHESTER JURY SIX(607) DKT# 9207JC0393B
OFFENSE: LARCENY(LAR)
DISPOSITION: C 8/5/92 G PROB 7/2/93 (@7) 9/30/92 DF 5/10/93 D/R R/R 18MO CMTD
STATUS: CLOSED

DATE: 07/03/92 CRT: DORCHESTER JURY SIX(607) DKT# 9207JC0393C
OFFENSE: POSS BURGLARIOUS TOOLS(PBT)

Juvenile Juvenile Juvenile

Juvenile