UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES WILKERSON,
   Petitioner,

v.                                      CIVIL ACTION NO.
                                         04-11771-RGS

COMMONWEALTH OF MASSACHUSETTS and
DANIEL F. CONLEY,
   Respondents.

**ORDER TO ANSWER AND ORDER RE:
MOTION REQUESTING LEAVE TO FILE PETITION TO AMEND
(DOCKET ENTRY # 5)**

**October 21, 2004**

**BOWLER, Ch.U.S.M.J.**

    Petitioner attacks a 1993 state court conviction rendered after a plea of guilty in the Dorchester Division of the Massachusetts District Court Department (Suffolk County). Although the conviction held ramifications in a federal drug sentence petitioner received in 2002 for 120 months, the petition attacks the state court conviction and is correctly filed under 28 U.S.C. § 2254 ("section 2254").

    Petitioner seeks leave to file an amended petition to include various records related to the state and the federal proceedings as well as certain arguments raised in the filing (Docket Entry # 5). The filing does not seek to add additional grounds to the petition which challenges the state court conviction on the basis of an inadequate colloquy and ineffective assistance of counsel.

    Pursuant to 28 U.S.C. § 2242, section 2254 petitions "may be

amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242; see also Rule 11, 28 U.S.C. foll. § 2254.  Rule 15, Fed. R. Civ. P., therefore commonly applies to habeas petitions.  See Fama v. Commissioner of Correctional Services, 235 F.3d 804, 815 (2d Cir. 2000); Clemmons v. Delo, 177 F.3d 680, 685 (8th Cir. 1999) (citing section 2242 and applying Rule 15 to section 2254 proceeding); Douglas v. Walker, 2000 WL 943509 at * 1 (S.D.N.Y. July 7, 2000) ("motions to amend habeas corpus petitions are generally governed by Rule 15(a)").  Inasmuch as there has been no responsive pleading, the amendment is allowed.

Respondents Commonwealth of Massachusetts and Daniel F. Conley ("respondents") are **ORDERED** to file an answer to the petition, as amended, within 20 days after receipt of this Order, exclusive of the day of receipt.  The motion (Docket Entry # 5) is **ALLOWED**.

Pursuant to Rule 4, a copy of the petition, the civil cover sheet and the filing amending the petition (Docket Entry # 5) shall be served on respondents and the Attorney General for the Commonwealth of Massachusetts by certified mail.  The deadline for filing a dispositive motion or memorandum in opposition to the petition is December 3, 2004.

/s/ **MARIANNE B. BOWLER**
Chief United States Magistrate Judge