**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

F I L E D
Clerk's Office
UCDC, Mass.
Date _12·3-04_
By _____
    Deputy Clerk

| | |
|---|---|
| CHARLES WILKERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMONWEALTH OF MASSACHUSETTS | ) |
| and DANIEL F. CONLEY, | ) |
| | ) |
| Respondents. | ) |

Civil Action No. 04-11771-RGS

## RESPONDENTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS

The Respondents, the Commonwealth of Massachusetts and Suffolk District Attorney

Daniel F. Conley (together, the "Respondents"), hereby submit this Memorandum of Law in

support of their Motion to Dismiss (the "Motion").[1]  The Habeas Corpus Petition (the "Petition")

filed by Petitioner Charles Wilkerson (the "Petitioner") is improper, because it does not comply

with the timing requirements applicable to habeas corpus petitions, it challenges a state

conviction for which the Petitioner is not currently in custody, and it names inappropriate parties

as respondents.

### BACKGROUND

On May 10, 1993, the Petitioner admitted to sufficient facts and was found guilty on two

drug charges in the Dorchester Division of the District Court Department of the Massachusetts

---

[1] In accordance with the Order of Chief Magistrate Judge Bowler dated October 21, 2004, filed
herewith is the Respondents' Answer to the Petition, as well as the Respondents' Supplemental
Appendix pursuant to Rule 5 of the Rules Governing Section 2254 Cases.

Trial Court (the "Dorchester District Court"). (Dorchester District Court Docket, a true copy of which is attached to the Respondents' Supplemental Appendix as <u>Item A</u>.)[2]  On one charge, possession of a Class B controlled substance (cocaine) with intent to distribute in violation of M.G.L. c. 94C, § 32A, the Petitioner received a two-year suspended sentence. (<u>Id.</u>) The other charge, conspiracy to violate the controlled substance laws in violation of M.G.L. c. 94C, § 40, was placed on file. (<u>Id.</u>) The tape recording of the proceedings cannot be obtained, having been destroyed in accordance with court rules. <u>Commonwealth v. Wilkerson</u>, 54 Mass. App. Ct. 1114, 766 N.E.2d 913 (2002), a true copy of which is attached to the Respondents' Supplemental Appendix as <u>Item D</u>.

Following a series of additional convictions for drug and motor vehicle offenses, the Petitioner was convicted on November 1, 1999 in the United States District Court for the District of Massachusetts for distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). <u>United States v. Wilkerson</u>, Criminal Case No. 98-10185-NG (D. Mass. sentencing memorandum filed Jan. 10, 2002), a true copy of which is attached to the Respondents' Supplemental Appendix as <u>Item G</u>. In sentencing the Petitioner, the District Court departed downward from the recommendation by the prosecution and probation office for a sentence of 140 to 175 months, which was based on the United States Sentencing Guidelines. (<u>Id.</u>) The court sentenced the Petitioner to a ten-year prison term, the minimum sentence allowed under the Guidelines in light of his prior state conviction for a felony drug offense. (<u>Id.</u> (citing 21 U.S.C. § 841(b)(B)(iii).) He remains incarcerated for the federal conviction at the United States Penitentiary at Lewisburg, Pennsylvania. (Mot. to Amend.)

---

[2] There appears to be a discrepancy concerning the docket number for the Dorchester District Court case, even among court records.  Some documents list the number as 9207-CR-<u>6228</u>, while others list the number as 9207-CR-<u>6338</u>.

Not until February 15, 2000 did the Petitioner move for a new trial pursuant to Mass. R. Crim. P. 30 concerning the state drug conviction that had been rendered more than seven years earlier. (Dorchester District Court Docket.) The motion was denied on August 3, 2000. (Id.) The Petitioner then appealed to the Massachusetts Appeals Court, which affirmed the denial of the motion for a new trial on May 1, 2002. Wilkerson, 54 Mass. App. Ct. 1114, 766 N.E.2d 913. The Supreme Judicial Court of Massachusetts (the "SJC") denied further appellate review on June 6, 2002. Commonwealth v. Wilkerson, 437 Mass. 1103, 772 N.E.2d 588 (2002), a true copy of which is attached to the Respondents' Supplemental Appendix as Item F.

The Petition in its initial form was filed in the United States District Court on August 9, 2004, more than two years after the SJC's decision. The Petitioner subsequently filed a 22-page document entitled, "Motion Requesting Leave to File Petition to Amend Pursuant to Rule 15(a), F.R.Civ.P., Due to Exceptional Circumstances -- to Prevent a Serious Miscarriage of Justice" (the "Motion to Amend"). He used the motion as a vehicle to place certain legal arguments, additional factual allegations, and documentation before this Court. (Mot. to Amend.) Chief Magistrate Judge Bowler found that the Motion to Amend "[did] not seek to add additional grounds to the [P]etition which challenges the sate court conviction on the basis of an inadequate colloquy and ineffective assistance of counsel." (Order on Mot. to Amend at 1.) Noting that no responsive pleading had yet been filed, she issued an Order on October 21, 2004 that allowed the amendment and treated the motion as amending the Petition. (Order on Mot. to Amend at 2 (ruling that "the amendment is allowed" and referring to Docket Entry No. 5, the Motion to Amend, as "the filing amending the petition")).

Notably, the Petition, as amended, does not attack the Petitioner's federal sentence. It is based solely on the Petitioner's aforementioned state conviction for possession of a Class B

3

substance with intent to distribute and does not appear to challenge the disposition of the state

conspiracy charge. (Petition at 2 ¶ 3 (referring only to judgment of conviction for which a two-

year suspended sentence was imposed).)

## ARGUMENT

## I.    The Petition is time-barred.

The Petition must be dismissed because it was not filed within the limitations period

applicable to habeas corpus petitions challenging state convictions. Section 2244 of Title 28

provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d), <u>as amended by</u> the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996).

In cases where the conviction at issue became final prior to AEDPA's effective date of April 24, 1996, courts have recognized a one-year grace period for those incarcerated to file habeas corpus petitions. <u>See, e.g.</u>, <u>Gaskins v. Duval</u>, 183 F.3d 8, 9 (1st Cir. 1999) (concluding that one-year grace period should be afforded where cause of action accrued before April 24, 1996). Petitions on behalf of such individuals thus needed to be filed by April 24, 1997. <u>See</u> <u>Rogers v. United States</u>, 180 F.3d 349, 355 & n.13 (1st Cir. 1999) (recognizing one-year grace period for motions pursuant to 28 U.S.C. § 2555 and concluding that period ended on April 24, 1997). The tolling provision contained in § 2244(d)(2) has likewise been made applicable to this judicially-crafted grace period. <u>See, e.g.</u>, <u>Gaskins</u>, 183 F.3d at 10 (noting trend of circuit and district courts in applying tolling provision to grace period); <u>Huenefeld v. Maloney</u>, 62 F. Supp. 2d 211, 218 (D. Mass. 1999) ("[T]he tolling provisions of § 2244(d)(2) do apply to the judge made grace period.").

The Petition at issue here clearly was not timely filed. Judgment on the Petitioner's conviction for possession of a Class B substance with intent to distribute was entered on May 10, 1993. (Dorchester District Court Docket.) Under Massachusetts rules, the time allowed for his filing of a direct appeal expired thrity days later. Mass. R. Appellate P. 4(b). As he filed no direct appeal or collateral attack on the judgment within that time period (Dorchester District Court Docket), the judgment became final for purposes of § 2244(d) on June 9, 1993. 28 U.S.C. § 2244(d)(1)(a). The court-created grace period only served to extend the Petitioner's deadline for filing his Petition to April 24, 1997, <u>see, e.g.</u>, <u>Gaskins</u>, 183 F.3d at 9; <u>Rogers</u>, 180 F.3d at 355 & n.13, a date more than seven years before the Petition was actually filed.

The fact that the Petitioner sought collateral review years after this deadline does not impact this analysis. The tolling provisions contained in 28 U.S.C. § 2244(d)(2) do not provide for an expired limitation period to be restarted and then tolled. See, e.g., Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (concluding that AEDPA's limitations period was not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) (stating that state-court motion filed after AEDPA's limitation period expired did not "revive" statute of limitations). Thus, the Petitioner's filing of his Petition on August 9, 2004 remains well beyond any deadline afforded to him. Dismissal of the Petition at issue is necessitated in light of its lack of timeliness. See, e.g., Voravongsa v. Wall, 349 F.3d 1, 8 (1st Cir. 2003) (affirming dismissal of petition that was not timely filed).

## II.    The Petitioner is not in custody pursuant to the state conviction he challenges.

In addition to the foregoing, the Petitioner may not use a petition under § 2254 to challenge his state conviction, because he is not currently in custody pursuant to that conviction. Section 2254 authorizes a federal court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Thus, a petitioner is not entitled to seek the relief offered under that section unless he is in custody pursuant to the state conviction he attacks. See Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401 (2001) (indicating that "[t]he first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court' and concluding that petitioner could not bring habeas petition directed solely at convictions for which he was no longer serving sentences); Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (stating general rule

that habeas corpus statute "require[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed" and noting that "in custody" requirement is jurisdictional). Here, the Petitioner is confined to a federal penitentiary as a result of a conviction on federal drug charges. United States v. Wilkerson, Criminal Case No. 98-10185-NG (D. Mass. sentencing memorandum filed Jan. 10, 2002). The 1993 state conviction he challenges resulted in a two-year sentence that was suspended for two years. (Dorchester District Court Docket.) Accordingly, no time on that sentence remains to be served. The Petitioner is therefore not in custody pursuant to the state judgment attacked in his Petition. Maleng, 490 U.S. at 491-92 (stating that Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed" and that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it").

Any showing that the Petitioner's federal sentence may have been enhanced by his state court conviction would not alter this result. A petitioner is not considered to be "in custody" on an earlier conviction merely because it has led to enhancement of a subsequent sentence. See Maleng, 490 U.S. at 492-93 (commenting that, where a second sentence is enhanced because of a prior conviction, "it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody'"); accord Lackawanna, 532 U.S. at 401 (discussing Maleng holding).

The Petitioner cannot salvage the instant action by arguing that his Petition should be construed as a challenge to his enhanced federal sentence, rather than his state conviction. First, there is no justification for affording such a reading to the Petition here. The Maleng Court and Lackawanna Courts were willing to liberally read petitions as challenging the petitioners'

enhanced sentences where the petitioners raised the issue of enhancement in some fashion. Lackawanna, 532 U.S. at 406 ("As the District Court stated, Coss contended 'that his current sentence [for the later conviction] was adversely affected by the [earlier] convictions because the sentencing judge considered these allegedly unconstitutional convictions in computing Coss's present sentence.'"); Maleng, 490 U.S. at 489-90 (noting that the "petition listed the [earlier] conviction as the 'conviction under attack,'" but "also alleged that the [earlier] conviction had been used illegally to enhance his [subsequent] state sentences, which he had not yet begun to serve"). In the instant case, however, neither the text of the Petitioner's original filing nor the text of his 22-page Motion to Amend contains any reference whatsoever to the impact of his state conviction upon his federal sentence.[3]

Second, the proper vehicle for challenging a federal sentence is provided by Section 2255, not Section 2254. See, e.g., Pleasant v. Texas, 134 F.3d 1256, 1258 (5th Cir. 1998) (holding that petitioner who claimed that his federal sentence was enhanced by his prior state court conviction may bring challenge, if at all, only through § 2255, but not through § 2254); Harris v. Ingram, 683 F.2d 97, 98 (4th Cir. 1982) (holding that challenge to federal custody based on use of prior state conviction to enhance federal sentence may only be brought through § 2255, if at all). Compare 28 U.S.C. § 2254 (providing for writ of habeas corpus where petitioner is in custody pursuant to state court judgment) with 28 U.S.C. § 2255 (providing for motion and writ of habeas corpus where petitioner is serving federal sentence).

---

[3] In his Motion to Amend, the Petitioner does make certain references to the U.S. District Court's sentencing proceedings and to comments allegedly made by that Court concerning the Petitioner's 1993 conviction. (E.g., Mot. to Amend at 6, 8-9, 12, 21.) However, the Petitioner makes these references solely in support of his arguments that his 1993 plea colloquy in state court was defective and that he suffered hardships as a juvenile. (Id.) The Petitioner nowhere claims that his state conviction led to enhancement of his federal sentence. (Id.)

Third, a petitioner who challenges an enhanced sentence may not attack a prior disposition in the process if he would be foreclosed from attacking that disposition in its own right. As the United States Supreme Court has made clear:

> If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.
> . . .
> [To allow otherwise] would effectively permit challenges far too stale to be brought in their own right, and sanction an end run around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly. Nothing it the Constitution or our precedent requires such a result.

Daniels v. United States, 532 U.S. 374, 382-83 (2001); cf. Lackawanna, 532 U.S. at 403-04 (citation omitted) (applying reasoning of Daniels opinion to foreclose challenge to validity of older conviction through § 2254 petition attacking later, enhanced, state sentence; noting importance of state's interest in finality and integrity of judgment, and concerns about ease of administration of challenges to expired state convictions). As established above, the challenged state conviction is no longer open to attack in its own right. It may not be attacked now on the theory that it may have impacted the Petitioner's current sentence.[4]

---

[4] These arguments would apply with at least as much force to any attack by the Petitioner upon the disposition of the state conspiracy charge, to the extent such an attack may be read into the Petition. Indeed, that disposition could not be considered a state court judgment for § 2254 purposes for the additional reason that the placement of a charge on file is not considered a judgment in Massachusetts. See, e.g., Commonwealth v. Delgado, 367 Mass. 432, 437-38, 326 N.E.2d 716, 719 (1975) (noting that placement of indictment on file does not constitute judgment).

## III.    The Petitioner has named improper parties as respondents.

An additional defect in the Petition lies in its failure to name proper parties as respondents. A habeas corpus action is properly brought against the person who is the petitioner's immediate custodian. See Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000) (concluding that habeas corpus petitioner must name as respondent the individual "superintendent of the facility in which he is being held," as such person "has day-to-day control over the petitioner and is able to produce the latter before the habeas court," citing 28 U.S.C. § 2243, which provides that a writ of habeas corpus shall be "directed to the person having custody of the person detained"). Rule 2 of the Rules Governing Section 2254 Cases (the "Habeas Corpus Rules") clarifies that, if the petitioner is presently in custody pursuant to the state judgment in question, he shall name the officer having custody of him as the respondent. If the petitioner is not presently in custody pursuant to the challenged state judgment but he may be subject to such custody in the future, he shall name the officer having present custody of him and the attorney general of the state rendering the challenged judgment as respondents. Habeas Corpus Rule 2. The Petitioner here has not named any of these individuals as respondents. Indeed, his action is not brought against his current federal penitentiary custodian, or against any individual official who has held or will hold him in confinement on the challenged state conviction. Instead, his habeas corpus action is brought against the Commonwealth of Massachusetts and the Suffolk District Attorney. Neither should be forced to defend against this action. See Vasquez, 233 F.3d at 691.

## CONCLUSION

For the foregoing reasons, the Motion should be allowed, and the Petition should be dismissed with prejudice in its entirety.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  December 3, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on December 3, 2004, by first class mail, postage prepaid, upon:

Charles Wilkerson
Reg. No. 22166-038
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA  17837

pro se

Randall E. Ravitz

11