UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

F I L E D
Clerk's Office
USDC, Mass.
Date 12-3-04
By /s/
Deputy Clerk

|  |  |
|---|---|
| CHARLES WILKERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-11771-RGS |
| ) | |
| COMMONWEALTH OF MASSACHUSETTS ) | |
| and DANIEL F. CONLEY, ) | |
| ) | |
| Respondents. ) | |

## RESPONDENTS' ANSWER TO PETITION

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases ("Rule 5"), the Respondents, the Commonwealth of Massachusetts and Suffolk District Attorney Daniel F. Conley (together, the "Respondents"), hereby answer the Habeas Corpus Petition (the "Petition") filed by Petitioner Charles Wilkerson (the "Petitioner"),[1] as amended by the Petitioner's filing entitled "Motion Requesting Leave to File Petition to Amend Pursuant to Rule 15(a), F.R.Civ.P., Due to Exceptional Circumstances – To Prevent a Serious Miscarriage of Justice" (the "Motion to Amend"),[2] as follows.

---

[1] This Answer is filed pursuant to the Order of Chief Magistrate Judge Bowler dated October 21, 2004. Filed herewith is the Respondents' Supplemental Appendix, in accordance with Rule 5, as well as the Respondents' Motion to Dismiss. The filing of this Answer should not be construed as a waiver of any of the arguments contained in the Motion to Dismiss, all of which are expressly reserved and incorporated herein.

[2] The Order of Chief Magistrate Judge Bowler dated October 21, 2004 allowed the amendment of the Petition and treated the Motion to Amend as amending the Petition. Accordingly, the Respondents respond herein to the statements made in the Motion to Amend to the extent that they may be construed as constituting part of the Petition.

1. To the extent that the initial paragraph of the cover page to the Petition may be construed as part of the Petition, the Respondents state that that paragraph states introductory material and one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondents deny the allegations in that paragraph.

2. To the extent that the paragraph of the cover page to the Petition labeled "Statement of Jurisdiction" may be construed as part of the Petition, the Respondents state that that paragraph states one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondents deny the allegations in that paragraph.

3. The Respondents admit the allegations contained in Paragraph 1 of the Petition.

4. The Respondents deny the allegations contained in Paragraph 2 of the Petition.

5. The Respondents admit the allegations contained in Paragraph 3 of the Petition.

6. Paragraph 4 of the Petition contains no allegations.

7. The Respondents admit the allegations contained in Paragraph 5 of the Petition.

8. Paragraph 6 of the Petition contains no allegations.

9. Paragraph 7 of the Petition contains no allegations.

10. The Respondents deny the allegations contained in Paragraph 8 of the Petition.

11. The Respondents deny the allegations contained in Paragraph 9 of the Petition. Specifically, the Respondents state that the Petitioner's Motion for New Trial did not constitute an appeal from the judgment of conviction.

12. The Respondents admit the allegations contained in Paragraph 10 of the Petition.

13. The Respondents admit that the Massachusetts District Court denied the Petitioner's Motion for New Trial, that he appealed that decision to the Massachusetts Appeals Court, that he sought further review by the Massachusetts Supreme Judicial Court (the "SJC"), and that the SJC denied such review. The Respondents deny that remainder of the allegations contained in Paragraph 11 of the Petition.

14. The Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Petition, and therefore deny those allegations.

15. Paragraph 13 of the Petition contains no allegations.

16. The Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Petition, and therefore deny those allegations.

17. The Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Petition, and therefore deny those allegations.

18. The Respondents admit the allegations contained in Paragraph 16 of the Petition.

19. The Respondents deny the allegations contained in Paragraph 17(a) of the Petition and are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17(c) of the Petition, and therefore deny those allegations. Paragraph 17(b) of the Petition contains no allegations.

The following answers are provided to the extent that the statements made in the Motion to Amend may be construed as part of the Petition:

20. The initial paragraph of the Motion to Amend states introductory material and requests to which no response is required. To the extent that a response is required, the Respondents deny the allegations in that paragraph.

21. The second paragraph of the Motion to Amend states requests and conclusions of law to which no response is required. To the extent that a response is required, the Respondents deny the allegations in that paragraph.

22. The paragraphs of the Motion to Amend beginning with the first full paragraph on page 2 and ending with the first full paragraph on page 3 state conclusions of law to which no response is required. To the extent that a response is required, the Respondents deny the allegations in those paragraphs.

23. The Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the paragraph beginning on page 3 and ending on page 4 of the Motion to Amend, and therefore deny those allegations. The remaining sentences of that paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the Respondents deny such allegations.

24. The paragraphs of the Motion to Amend beginning with the first full paragraph on page 4 and ending with the last full paragraph on page 6 state requests or conclusions of law to which no response is required. To the extent that a response is required, the Respondents deny the allegations in those paragraphs.

25. The paragraphs of the Motion to Amend beginning with the last line of page 6 and ending with the last full paragraph on page 10 purport to restate portions of the

transcript of a court proceeding. The transcript of such proceeding speaks for itself; thus, no response is required to the allegations in those paragraphs.

26. To the extent that the paragraphs of the Motion to Amend beginning with "A. Personal Background" on page 10 and ending on the fifth line of page 12 purport to restate portions of a court sentencing memorandum, the Respondents state that the sentencing memorandum speaks for itself. The Respondents are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in those paragraphs, and therefore deny those allegations.

27. The paragraphs of the Motion to Amend beginning with the first full paragraph on page 12 and ending with the last paragraph of the Motion to Amend state requests or conclusions of law to which no response is required. To the extent that a response is required, the Respondents deny the allegations in those paragraphs.

In accordance with Rule 5, the Respondents state that the Petition is time-barred under 28 U.S.C. § 2244(d), and the Petitioner has failed to exhaust his state-court remedies completely, pursuant to 28 U.S.C. § 2254(b), before filing his Petition.. Relevant portions of the state-court record, as well as a list of available transcripts, are contained in Respondent's Supplemental Appendix, which is filed herewith.

### First Affirmative Defense

The Petition, as amended, should be denied because it fails to state a claim for which relief may be granted.

### Second Affirmative Defense

The Petition, as amended, should be denied because the Petitioner has failed to exhaust remedies available to him under State law. See 28 U.S.C. § 2254(b).

### Third Affirmative Defense

The Petition, as amended, should be dismissed because it is time-barred under 28 U.S.C. § 2244(d).

### Fourth Affirmative Defense

The Petition, as amended, should be dismissed because this Court lacks subject matter jurisdiction to hear it.

### Fifth Affirmative Defense

The Petition, as amended, should be dismissed because this Court lacks personal jurisdiction over the Respondents.

### Sixth Affirmative Defense

The Petition, as amended, should be dismissed because the Petitioner has named improper parties as Respondents.

### Seventh Affirmative Defense

The Petition, as amended, should be dismissed because the Petitioner is not in custody pursuant to the judgment attacked in his Petition or pursuant to any state court judgment. See 28 U.S.C. § 2254.

### Eighth Affirmative Defense

The Petition, as amended, should be denied because it raises questions of State law that do not allege a violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a).

### Ninth Affirmative Defense

To the extent that the Petitioner's claims were decided on the merits by the courts of Massachusetts, the Petition, as amended, should be denied because such adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d)(1).

### Tenth Affirmative Defense

To the extent that the Petitioner's claims were decided on the merits by the courts of Massachusetts, the Petition, as amended, should be denied because such adjudication did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the Petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence. See 28 U.S.C. § 2254(d)(2).

### Eleventh Affirmative Defense

The Petition, as amended, should be dismissed to the extent that it may be read as challenging multiple convictions, judgments, and/or dispositions.

### Twelfth Affirmative Defense

The Petition should be dismissed to the extent that it may be read as challenging dispositions that did not result in final judgments.

### Thirteenth Affirmative Defense

The Petitioner's conviction rests on an adequate and independent state law ground.

### Fourteenth Affirmative Defense

The Petition, as amended, should be dismissed due the Petitioner's failure to name or join one or more indispensable parties.

### Fifteenth Affirmative Defense

The Petition, as amended, should be dismissed for insufficiency of process.

### Sixteenth Affirmative Defense

The Petition, as amended, should be dismissed for insufficiency of service of process.

The Respondents respectfully reserve the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

_____
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

Dated: December 3, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on December 3, 2004, by first class mail, postage prepaid, upon:

Charles Wilkerson
Reg. No. 22166-038
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

pro se

　　　　　　　　　　　　　　　　　　　　　　　／s/ Randall E. Ravitz
　　　　　　　　　　　　　　　　　　　　　　　Randall E. Ravitz