```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

CHARLES WILKERSON,
   Petitioner,

  v.                                    CIVIL ACTION NO.
                                                                   04-11771-RGS

COMMONWEALTH OF MASSACHUSETTS and
DANIEL F. CONLEY,
   Respondents.

**REPORT AND RECOMMENDATION RE:**
**RESPONDENT'S MOTION TO DISMISS**
**(DOCKET ENTRY # 12)**

**June 27, 2005**

**BOWLER, U.S.M.J.**

     Respondents Commonwealth of Massachusetts and Suffolk County District Attorney Daniel F. Conley ("respondents") move to dismiss the above styled petition for writ of habeas corpus filed pro se under 28 U.S.C. § 2254 ("section 2254") as untimely under 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)") of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") and for failure to satisfy the "in custody" requirement of sections 2241(c)(1) and 2254(a).  In the petition, petitioner Charles Wilkerson ("petitioner"), an inmate at a federal penitentiary in Lewisburg, Pennsylvania, serving a federal sentence, attacks a 1993 state court conviction rendered after a plea of guilty in the Dorchester Division of the Massachusetts District Court Department (Suffolk County) ("the trial court").

     The state court felony conviction caused severe

ramifications for petitioner when, in December 2001, he received a ten year minimum mandatory sentence after a jury verdict on charges of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) ("section 841(a)") in <u>United States v. Charles Wilkerson</u>, Criminal Docket Entry No. 98-10185-NG.  The 1993 state court felony conviction served as the basis for an enhanced sentence under 21 U.S.C. § 841(b)(1)(B)(iii) ("section 841(b)(1)(B)").  Section 841(b)(1)(B) imposes a ten year, as opposed to a five year, sentence for violations of section 841(a) where, as here, the "person commits such a violation after a prior conviction for a felony drug offense has become final."  21 U.S.C. § 841(b)(1)(B)(iii).

The present petition raises claims of:  (1) an inadequate plea colloquy thereby resulting in a plea that was neither voluntary nor intelligent (ground one); (2) ineffective assistance of counsel during the plea proceeding (ground two) and (3) a conviction obtained though an unlawful arrest (ground three).

An evidentiary hearing is not required or necessary.  Under the AEDPA, the court "shall not hold an evidentiary hearing on a claim unless a petitioner shows that his 'claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.'"

Neverson v. Bissonnette, 242 F.Supp.2d 78, 88 (D.Mass. 2003) (quoting section 2254(e)(2)), aff'd on other grounds, 366 F.3d 32 (1st Cir. 2004). Even if petitioner fell outside the confines of section 2254(e)(2), an evidentiary hearing under pre-AEDPA law is not required. See Lopez v. Commonwealth of Massachusetts, 349 F.Supp.2d 109, 125 (D.Mass. 2004) (applying pre-AEDPA law regarding need for evidentiary hearing having ascertained that section 2254(e)(2) of AEDPA did not apply because "Lopez did everything reasonably possible to get the relevant facts before the state courts"). The facts taken from the state and federal court transcripts and related documents contain all the relevant and necessary undisputed facts. See, e.g., Neverson v. Bissonnette, 242 F.Supp.2d at 88. This remains true even if this court accepts the version of facts presented by petitioner regarding the colloquy and the accompanying events that took place in May 1993.

## BACKGROUND

On August 18, 1992, a two count complaint issued against petitioner in the trial court. The complaint charged petitioner with one count of possessing a Class B substance with intent to distribute in violation of Massachusetts General Laws chapter 94C, section 32A, and one count of conspiracy to violate the controlled substance laws in violation of Massachusetts General Laws chapter 94C, section 40. After conducting the arraignment,

petitioner was released on bail on August 18, 1992. He defaulted thereafter and a default warrant issued on September 30, 1992. Petitioner came before a Justice of the trial court ("the trial judge") on the default warrant on May 10, 1993.

At that time, petitioner avers that he met briefly with his court appointed attorney who neglected to discuss the facts of the case or the merits of challenging the search warrant. Petitioner's educational background is minimal. He "never graduated from high school" and "barely attended school at all because of the disarray at home."[1] (Docket Entry # 5, Ex. G; Docket Entry # 14, Ex. G). After this brief meeting "in the lockup," petitioner entered the courtroom and pled guilty to both counts on admitted facts.

Unfortunately, there is no transcript of the tape recorded proceedings. Similar to the circumstances depicted in United States v. Pettiford, 101 F.3d 199, 202 (1st Cir. 1996) (noting absence of record of plea proceedings given the destruction of the tapes pursuant to a state court rule), the tapes of the plea proceedings are no longer available having "been destroyed pursuant to court rule." (Docket Entry # 5, Ex. C).

---

[1] Abandoned by his parents at the age of 14, petitioner "became the family's provider" for himself and "his three siblings who were homeless." (Docket Entry # 5, Ex. G; Docket Entry # 14, Ex. G). Prior thereto, reports of neglect filed with the Department of Social Services include the mother's admission of wrapping an extension cord around petitioner's neck when he was 11 years old and trying to strangle him. (Docket Entry # 5, Ex. G; Docket Entry # 14, Ex. G).

Checkmarks on the trial court's docket sheet reflect that the trial judge advised petitioner of his right to a jury trial and that he waived that right. Petitioner describes the proceedings by affidavit as follows:

> I was asked if I understood the charges to which I was pleading guilty. I was not asked or told about the right to jury that I was waiving, i.e., that the jury is made up of members of the community, that I could participate in their selection, that their verdict must be unanimous, that the jury decides the facts, and the judge rules on the law and imposes sentence if found guilty.

(Docket Entry # 14, Ex. B, Appendix, R. 7). Petitioner's appointed counsel during the proceedings has "no recollection of the proceedings." (Docket Entry # 14, Ex. B, Appendix, R. 6).

After petitioner admitted to sufficient facts, the trial judge found petitioner guilty on both counts. Petitioner received a two year suspended sentence in a house of correction on the count of possessing a class B substance (cocaine) with intent to distribute. The handwritten date of May 10, 1995, appears next to the disposition thereby indicating the expiration of the two year suspended sentence. On May 19, 1995, petitioner was discharged from probation. After finding petitioner guilty on the conspiracy charge based on the statement of facts, the trial judge placed the conspiracy charge on file. (Docket Entry # 14, Ex. A, p. 1).

In a separate proceeding at around the time of the foregoing plea proceedings, petitioner had pled guilty to charges "of receiving stolen property, larceny, and possession of burglarious

5

tools in the Dorchester District Court."[2]  (Docket Entry # 5, Ex. G; Docket Entry # 14, Ex. G).  Probation on those charges "was revoked, and he was sentenced to 18 months."  (Docket Entry # 5, Ex. G; Docket Entry # 14, Ex. G).

After his release, petitioner had a series of motor vehicle and drug convictions.  In or around 1997, petitioner was convicted "of a drug trafficking offense in the Plymouth District Court," received a three to four year sentence and entered state custody in August 1997.[3]  (Docket Entry # 5, Ex. G; Docket Entry # 14, Ex. G; Docket Entry # 5, Ex. F, p. 18).  Petitioner was no longer in state custody on the 1993 possession with intent to distribute conviction, however, because the sentence had expired by May 1995.  (Docket Entry # 5, Ex. F & G; Docket Entry # 14, Ex. G).

In June 1998, petitioner was indicted on the federal charges.  By that time, he could no longer attack the constitutionality of the 1993 state court conviction under 21 U.S.C. § 851 before the federal sentencing court because of the expiration of the five year limitations period.  See 21 U.S.C. §

---

[2]  The trial judge used these proceedings as a reason to deny petitioner's February 15, 2000 motion for a new trial.  See fn. 3.

[3]  At the sentencing hearing in United States v. Charles Wilkerson, Criminal Docket Entry No. 98-10185-NG (henceforth: "the federal sentencing court"), the Assistant United States Attorney represented that petitioner entered into federal custody in October 1999.  (Docket Entry # 5, Ex. F).

851(e).  In 1999, a federal jury found petitioner guilty on one count of distribution of a total of one gram of crack cocaine. (Docket Entry # 5, Ex. G; Docket Entry # 14, Ex. G).

Returning to the state court proceedings, petitioner did not appeal the 1993 conviction.  It was not until February 15, 2000, that petitioner filed a motion for a new trial under Rule 30(b), Mass. R. Crim. P., asserting that the guilty plea was not voluntarily or intelligently made.

On August 3, 2000, the trial judge denied the motion for a new trial by endorsement.  In the endorsement, the trial judge acknowledged that "the defendant probably did not get a full colloquy."[4]

On August 7, 2000, petitioner filed a notice of appeal to the Massachusetts Appeals Court ("the appeals court").  On May 1, 2002, after petitioner had received the enhanced federal sentence

---

[4] The full endorsement reads as follows:

Denied.  On the very date (5/10/93) he received this sentence, defendant apparently pleaded to another charge at the Dorchester Jury Session #9207JC0393.  He had appealed a prior case to the jury session and defaulted there.  He also defaulted on this case.

While the defendant probably did not get a full colloquy on this case, he was advised of his right to appeal to a jury trial.  He had exercised that right in the past and disposed of a case in the jury session.

On 5/10/93 he took an 18 mos. committed sentence in the jury session and a suspended sentence on this case.

(Docket Entry # 5, Ex. B).

of 120 months,[5] the appeals court issued a Memorandum and Order denying the appeal. The four page opinion by the appeals court rejected the federal constitutional claim that the colloquy was not entered into voluntarily and intelligently under Boykin v. Alabama, 395 U.S. 238 (1969). One month later on June 6, 2002, the Massachusetts Supreme Judicial Court ("SJC") denied petitioner's application for further appellate court review.

In August 2004, more than two years after the SJC's decision, petitioner signed the petition in this case. In October 2004, this court allowed petitioner to proceed upon an amended petition.

## DISCUSSION

Respondents submit that the petition fails because petitioner is not "in custody" and the statute of limitations has expired. Although petitioner presents a compelling case given the apparent discrepancies in the colloquy, this court cannot overlook the jurisdictional "in custody" requirement or, given petitioner's delays, allow an equitable exception to the one year limitations period.

I. In Custody

---

[5] Federal sentencing took place in December 2001. The federal sentencing court imposed the ten year sentence after departing downward from "the Guideline range advocated by the government and probation" of a sentence in the range of 140 to 175 months. (Docket Entry # 5, Ex. G; Docket Entry # 14, Ex. G).

Section 2254(a) directs a district judge to entertain section 2254 petitions only for persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3). The "in custody" determination is made at the time the section 2254 petition is filed. Carafas v. LaVallee, 391 U.S. 234, 238 (1968); United States v. Brown, 1999 WL 1269197 at * 2 (N.D.Ill. Dec. 23, 1999) ("Supreme Court has repeatedly" stated habeas statute requires the petitioner to "be 'in custody' when the application for habeas corpus is filed"). Significantly, the Supreme Court interprets this statutory language as requiring that, "at the time [a] petition is filed, the petitioner must be 'in custody' pursuant to the conviction or sentence he seeks to attack."[6] Young v. Vaughn, 83 F.3d 72, 73 (3rd Cir. 1996).

With few exceptions inapplicable to the case at bar,[7] a petitioner cannot lodge a direct attack on an expired conviction and sentence simply because he remains in custody under an enhanced sentence. See Maleng v. Cook, 490 U.S. 488, 489-490 (1989); see also Lackawanna County District Attorney v. Coss, 532

---

[6] Parole or probation as well as pretrial release on personal recognizance constitute sufficient restraints upon a person's liberty to satisfy the "in custody" requirement of section 2254. Luna v. Massachusetts, 354 F.3d 108, 110 n. 1 (1st Cir. 2004); Lefkowitz v. Fair, 816 F.2d 17, 19 (1st Cir. 1987).

[7] Petitioner was not deprived of counsel within the meaning of Gideon v. Wainwright, 372 U.S. 335 (1963), and there existed available avenues of relief in state court which petitioner could have pursued.

U.S. 394, 401 (2001). While case law outside this circuit may provide an avenue for attacking expired state court sentences by challenging an enhanced state court sentence currently being served, see, e.g., Williams v. Edwards, 195 F.3d 95, 96 (2d Cir. 1999) ("in custody" met where invalid state court sentence and conviction served as the legal basis for the challenged enhanced state sentence currently being served); White v. Butterworth, 70 F.3d 573, 574 (11th Cir. 1995) (the petitioner presently incarcerated for state conviction enhanced as habitual felony offender by prior state conviction with fully served sentence), opinion corrected on other grounds, 78 F.3d 500 (11th Cir. 1996); Tredway v. Farley, 35 F.3d 288, 291-292 (7th Cir. 1994) ("in custody" satisfied thereby allowing challenge to prior state conviction which enhanced and therefore increased length of state sentence currently being served), petitioner does not fall within the confines of this line of authority. He is not attacking a state court conviction as enhanced by an expired state court conviction. Rather, he is attacking an expired state court conviction used to enhance the *federal* sentence he is currently serving. As respondents correctly note, the proper vehicle to mount such a challenge lies, if at all, under 28 U.S.C. § 2255 ("section 2255").[8]

---

[8] Although this court takes judicial notice of the section 2255 motion filed and presently pending in the federal sentencing court, this court expresses no opinion on the merits of the motion.

In short, petitioner cannot lodge a direct challenge against the 1993 state court conviction under section 2254 simply because the expired conviction and sentence served as a basis to enhance the federal sentence which he is now serving. The state court felony conviction used to enhance the federal sentence expired, at least as to count one, in May 1995 as did the probation based upon that sentence and conviction. Although the trial judge has the ability to call up the conspiracy charge and impose a sentence, see United States v. Correa, 114 F.3d 314, 315 n. 1 (1st Cir. 1997),[9] petitioner is not "in custody" simply because the charge was placed on file. See Molino v. DuBois, 848 F.Supp. 11, 12 n. 1 (D.Mass. 1994) (citing section 2241(c)(3) for finding that "Molino cannot seek federal habeas relief of the assault and battery charge that was placed on file because he is not in custody as to it").[10]

---

[9]  As explained by the court in Correa,

> In Massachusetts, after a plea of guilty in a criminal case, "a judge, with the consent of the defendant, may place the case on file rather than impose sentence immediately." DuPont v. Superior Court, 401 Mass. 122, 123, 514 N.E.2d 1086 (1987). Although that is usually the end of the matter, the case thereafter "may at any time be called up [by the court] and sentence may be imposed, or some other final disposition made of it." Marks v. Wentworth, 199 Mass. 44, 45, 85 N.E. 81 (1908).

United States v. Correa, 114 F.3d at n. 1.

[10]  Although the court in Molino cited to section 2241(c)(3), section 2254(a) is even less forgiving inasmuch as it requires the petitioner to be in custody pursuant to a state court "judgment."

II.  Timeliness

Even assuming that petitioner satisfies the "in custody" requirement, it is evident that the one year limitations period for bringing a section 2254 petition against the 1993 state court conviction, see 28 U.S.C. § 2254(d), has passed.  Equitable tolling is also inadvisable.

Where, as here, the state court conviction under attack became final prior to the AEDPA's April 24, 1996 enactment, this circuit affords petitioners a one year grace period running from April 24, 1996.  See Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999) (applying the reasoning and the one year grace period applicable to section 2255 motion in Rogers v. United States, 180 F.3d 349, 351-352 (1st Cir. 1999), to Gaskins' section 2254 petition).  Petitioner therefore had until April 24, 1997, to file a section 2254 petition attacking the 1993 state court conviction.  See Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (where conviction became final prior to AEDPA's enactment, "the petitioner had until April 24, 1997, to file an application for federal habeas relief").

Unfortunately for petitioner, the tolling provision set forth in 28 U.S.C. § 2254(d) provides petitioner no relief.  Although applicable to the judicially engrafted grace period, see Gaskins v. Duval, 183 F.3d at 10; Huenefeld v. Maloney, 62 F.Supp.2d 211, 217-218 (D.Mass. 1999), the provision cannot revive an expired limitations period.  See Dunker v. Bissonnette,

154 F.Supp.2d 95, 103 (D.Mass. 2001); <u>see</u>, <u>e.g.</u>, <u>Delaney v. Matesanz</u>, 264 F.3d at 11.

Moreover, while equitable tolling is permitted in this circuit, it is used "only sparingly." <u>Neverson v. Farquharson</u>, 366 F.3d 32, 42 (1st Cir. 2004). The First Circuit narrowly construes this doctrine and allows tolling only in "extraordinary circumstances." <u>Neverson v. Farquharson</u>, 366 F.3d at 42. "At a minimum," the doctrine "is appropriate only when circumstances beyond the petitioner's control have prevented him from filing on time." <u>Neverson v. Farquharson</u>, 366 F.3d at 42.

In the case at bar, petitioner had the ability to file a Rule 30 motion in the trial court in a more timely manner and thereby toll the one year grace period. Petitioner also had the ability to file a section 2254 petition up to April 24, 1997. His failure to do so makes the application of the equitable tolling doctrine improper.

In sum, petitioner waited too long to attack the 1993 state court conviction. Although unfortunate given the circumstances, section 2254 affords petitioner no relief.

CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[11] that respondent's motion to dismiss (Docket Entry #

---

[11] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the

12) be **ALLOWED** and that the petition be **DISMISSED**.

                        /s/Marianne B. Bowler
                        **MARIANNE B. BOWLER**
                        United States Magistrate Judge

---

Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order. <u>United States v. Escoboza Vega</u>, 678 F.2d 378-379 (1st Cir. 1982); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).